■ KERR-MCGEE CHEMICAL CORPORATION, Respondent, v. BULLARD ORCHARDS, INC., Appellant.— Appeal from an order of the Supreme Court at Special Term, entered September 10, 1973 in Saratoga County, which granted plaintiff's motion pursuant to CPLR 3211 (subd. [b]) to dismiss the affirmative defense in defendant's answer and denied defendant's cross motion for an order dismissing the complaint and granting summary judgment in favor of defendant on the ground that plaintiff lacked legal capacity to sue. Plaintiff sued to recover for merchandise sold to the defendant within the State of New York between November 7, 1967 and July 23, 1971. Defendant interposed a general denial and the affirmative defense that the plaintiff corporation was unauthorized to do business in the State of New York at the time of the transactions set forth in the complaint. Thereafter, plaintiff moved to strike defendant's affirmative defense on the ground that plaintiff was authorized to do business within the State of New York during the period covered by the complaint. The defendant then cross-moved for summary judgment on the ground that plaintiff lacked capacity to sue. Special Term granted plaintiff's motion to strike the defense and denied defendant's cross motion for summary judgment. Baugh Chemical Company, a Maryland corporation, was authorized to do business in the State of New York on June 30, 1964. On January 21, 1966 the Baugh Chemical Company changed its name to Kerr-McGee Chemical Corporation, a Maryland corporation. On November 3, 1966, Ampot, Inc., was granted authority to do business in the State of New York. On January 18, 1968, Ampot, Inc., changed its name to American Potash and Chemical Corporation. On October 1, 1970, Kerr-McGee Chemical Corporation was merged into American Potash and Chemical Corporation, the surviving company adopting the name Kerr-McGee Chemical Corporation. The surviving Delaware corporation is the plaintiff in this action. Defendant contends that plaintiff had never obtained authorization from the Secretary of State to do business in New York State and, therefore, the provisions of section 1312 of the Business Corporation Law prohibit plaintiff from maintaining this action. Under section 1312 of the Business Corporation Law, a foreign corporation is authorized to maintain an action so long as it has obtained authority to do business in New York and has paid all fees, taxes and penalties owed to the State for all years in which it has done business in New York. The documentary evidence clearly indicates that plaintiff and all of its predecessors complied with the statutes of the State of New York, paid the required fees and filed the appropriate applications for authority to do business in the State of New York during all times pertinent herein. Order affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.