■ RICHARD C. DUNHAM et al., Respondents, v UNIVERSAL OIL PRODUCTS COMPANY, Appellant. — Order of the Supreme Court, Suffolk County (England, J.), dated October 20, 1982, affirmed, without costs or disbursements. (*Covino v Alside Aluminum Supply Co.,* 42 AD2d 77.) Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.

■ ENGLISHTOWN SPORTSWEAR, LTD., Respondent, v MARINE MIDLAND BANK, Appellant. — In an action to recover interest paid at a rate allegedly in excess of the rate agreed to in the parties' financing agreement, defendant appeals from so much of an order of the Supreme Court, Queens County (Kassoff, J.), dated May 4, 1983, as denied its motion pursuant to CPLR 3211 (subd [a], par 5) and 3212 to dismiss the complaint as barred by the Statute of Limitations set forth in CPLR 215 (subd 6). Order affirmed, insofar as appealed from, with costs. According to the legislative history of CPLR 215 (subd 6), the one-year Statute of Limitations governing actions to recover on "overcharge of interest" was intended to apply only to usury actions (see Governor's Memorandum, NY Legis Ann, 1968, pp 110-111; 1 Weinstein-Korn-Miller, NY Civ Prac, par 215.11). This is not a usury action, but rather is an action to recover for breach of the interest rate provision in the contract between the parties, plaintiff claiming that the defendant bank charged it an interest rate in excess of that specified in their agreement although not in violation of law. Pursuant to CPLR 213 (subd 2) there is a six-year Statute of Limitations for this contract action. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.

■ GERALD FERACO, Appellant, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Defendants, and ALLAN J. POLLACK, Respondent. — In an action to recover damages for, *inter alia,* medical and chiropractic malpractice, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), entered December 3, 1982, as denied his motion insofar as it sought to strike certain items from respondent Pollack's demand for a bill of particulars. Order modified, on the law, by granting that part of plaintiff's motion which sought to strike certain items from respondent Pollack's demand for a bill of particulars to the extent of striking items numbers 7, 10(b), 10(c), 11 and 13(b) of the respondent's demand. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Plaintiff shall serve a bill of particulars upon the respondent within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. The items which have been stricken request information which is not expressly authorized by CPLR 3043, is evidentiary in nature and is beyond the scope of a bill of particulars (see *Ganin v Janow,* 86 AD2d 857; *Falb v New York Hotel Trades Council & Hotel Assn.,* 70 AD2d 650; *Johnson v Charow,* 63 AD2d 668; *Kenler v Weissbach,* 61 AD2d 976; see, also, *Patterson v Jewish Hosp. & Med. Center,* 65 AD2d 553). Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.