In the Matter of the Dissolution of CRISTO BROTHERS, INC. NICHOLAS A. CRISTO, Respondent; SEBASTIAN CRISTO, Appellant.

Third Department, December 8, 1983

APPEARANCES OF COUNSEL

*Garry, Cahill & Edmunds* (*Philip F. Calderone* of counsel), for appellant.

*Jerome K. Frost* for respondent.

OPINION OF THE COURT

MAIN, J.

In 1965, petitioner Nicholas A. Cristo and his brother, respondent Sebastian Cristo, incorporated Cristo Brothers, Inc., which is engaged in the business of general and demolition contracting. The brothers are the sole directors and officers of the corporation and each owns 50% of the corporation's stock. The brothers operated the business without internal problems until petitioner suffered an injury which prevented him from participating in the control of the corporation. It is unclear whether petitioner was prevented from exercising his ownership rights after his recovery or whether he voluntarily disassociated himself from the management of the corporation. It is clear, though, that irreconcilable differences concerning the handling of the corporation's business affairs arose between

the two brothers such that petitioner filed for dissolution of the corporation pursuant to sections 1104 and 1104-a of the Business Corporation Law.* Respondent cross-petitioned to purchase petitioner's stock pursuant to section 1118. Special Term granted the petition for dissolution on the ground that the undisputed dissension between the brothers satisfied several grounds for dissolution provided in subdivision (a) of section 1104. Special Term further found that petitioner's allegations for dissolution under section 1104-a were rendered moot by the granting of dissolution under section 1104 and dismissed respondent's cross petition because the relief sought therein under section 1118 was applicable only to dissolution under section 1104-a. A stay pending appeal of the order of dissolution was granted by Special Term and this appeal followed.

Respondent urges reversal, arguing that section 1118 is clear on its face and provides for a buy-out when a petition for dissolution is brought under section 1104-a, which is precisely what transpired in this case. Petitioner, in opposition, contends that the buy-out provision of section 1118 is meant to apply only when minority shareholders petition for dissolution under section 1104-a and not when equal shareholders so petition. Because section 1118 unambiguously provides for a buy-out "[i]n any proceeding brought pursuant to section [1104-a]", we reverse.

A court's function is to construe and interpret a statute, not to decide the wisdom or propriety of its enactment (see, e.g., McKinney's Cons Laws of NY, Book 1, Statutes, § 73). In performing this function, it is well settled that if the language of a statute is clear, the language must be applied as written and there is no reason to resort to rules of construction or extrinsic aids (see, e.g., *Zaldin v Concord Hotel,* 48 NY2d 107, 113; McKinney's Cons Laws of NY, Book 1, Statutes, §§ 76, 92, subd b; § 94). Subdivision (a) of section 1104-a provides that "[t]he holders of twenty percent or more of all outstanding shares of a [close] corporation * * * may present a petition of dissolution on one or more of the following grounds". Although this legislation was designed to permit minority shareholders to petition for judicial dissolution (see sponsor's memorandum, NY

---

\* All citations to statutes herein are to the Business Corporation Law.

Legis Ann, 1979, p 143), it also, by its express terms expanded the grounds for dissolution for those who previously could petition for dissolution under section 1104 (compare § 1104, subd [a], pars [1]-[3], with § 1104-a, subd [a], pars [1]-[2]). By not placing a maximum on the percentage of shares held before becoming ineligible to bring the petition, an alternative clearly within its prerogative, the Legislature demonstrated an unambiguous intent not to limit the scope of section 1104-a to only minority shareholders. Accordingly, petitioner, as a shareholder of more than 20% of the shares of Cristo Brothers, Inc., falls within the class entitled to bring a petition under section 1104-a.

Subdivision (a) of section 1118 is similarly unambiguous on its face. This section provides that other shareholders or the corporation can elect to purchase the petitioner's shares "[i]n any proceeding brought pursuant to section [1104-a]" (emphasis added). This legislation was intended to provide "the alternative relief of a buy-out in lieu of dissolution" (sponsor's memorandum, NY Legis Ann, 1979, p 143) and unambiguously applies whenever a petition is filed alleging grounds specified in section 1104-a. The Legislature could have provided that the election to purchase the shares of the petitioner in a section 1104-a proceeding could be exercised only after the allegations were established and the court granted dissolution under section 1104-a, but instead employed the broad language "[i]n any proceeding". It is evident from this broad language that the Legislature desired to provide the election to purchase the petitioner's shares in all cases which include allegations under section 1104-a. Consequently, because the petition herein included allegations pursuant to section 1104-a, respondent's cross petition to purchase petitioner's shares should have been granted. It is now necessary for petitioner and respondent to agree upon the fair value of petitioner's shares or, failing this, the court shall determine the fair value as provided in section 1118. In view of our disposition, we need not consider the other issue raised.

The order should be reversed, on the law, with costs, cross petition granted, and matter remitted to Special Term for further proceedings not inconsistent herewith.

MAHONEY, P. J., CASEY, YESAWICH, JR., and WEISS, JJ., concur.

Order reversed, on the law, with costs, cross petition granted, and matter remitted to Special Term for further proceedings not inconsistent herewith.