■ In the Matter of CARMELO GARGANO, Respondent. KING MOTORCYCLE CORPORATION, Appellant.—In a proceeding for the involuntary dissolution of a corporation, the King Motorcycle Corporation appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Alfano, J.), dated June 5, 1984, which, *inter alia,* held that petitioner was a qualified shareholder.

Order affirmed, insofar as appealed from, with costs.

In his petition for the dissolution of the King Motorcycle Corporation pursuant to Business Corporation Law § 1104-a, petitioner stated that he owned 25% of the issued shares of the corporation. He claimed, *inter alia*, that the other shareholders had been taking assets out of the corporation for their personal use, without properly accounting for them.

In their answer to the petition, the other shareholders denied that petitioner was a shareholder. They also stated that in the event that petitioner was determined to be a qualified shareholder, and was therefore able to bring the proceeding for dissolution, they elected to purchase petitioner's shares, pursuant to Business Corporation Law § 1118.

After a hearing, Special Term determined that petitioner was a qualified shareholder within the meaning of Business Corporation Law § 1104-a. Special Term found that petitioner had been issued shares representing 25% of the outstanding stock of the corporation, and that at no time did petitioner transfer or agree to transfer these shares.

Contrary to appellant's contention that Special Term's determination that petitioner was a qualified shareholder was erroneous, Special Term's findings of fact are supported by the evidence adduced at the hearing. In addition, since appellant has made an election pursuant to Business Corporation Law § 1118 to purchase petitioner's shares, petitioner does not have to prove the allegations upon which he based his petition. A determination of the fair value of his shares must now be made (*see, Matter of Cristo Bros.*, 97 AD2d 274, *affd* 64 NY2d 975). Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.