ETHEL RUBIN et al., as Executrices of LOUIS RUBIN, Deceased, v CITY NATIONAL BANK AND TRUST COMPANY OF GLOVERSVILLE, Appellant.

Third Department, October 22, 1987

**APPEARANCES OF COUNSEL**

*Maider & Smith (Lydon F. Maider* of counsel), for appellant.

*McNamee, Lochner, Titus & Williams, P. C. (David J. Wuk-itsch* of counsel), for respondents.

*John Leferovich, Jr.,* for New York State Bankers Association, Inc., *amicus curiae.*

## OPINION OF THE COURT

WEISS, J.

Plaintiffs, the widow and two executrices of the estate of Louis Rubin, commenced this action to recover $77,616.91 alleged to have been interest paid to defendant by Rubin and his wife in excess of the lawful, maximum rate. On June 28, 1980, the Rubins executed a $300,000 demand promissory note. Through July 3, 1985, defendant collected $179,108.83 as interest computed at varying rates. Since the note did not specify a particular rate of interest, plaintiffs maintain that defendant was only entitled to charge 6% per annum until June 25, 1981 and 9% per annum thereafter.* This action is to recover the excess. Supreme Court denied defendant's motion to dismiss so much of the first cause of action as sought recovery of excess interest paid more than one year prior to commencement of the action on the ground that it was barred by the Statute of Limitations set forth in CPLR 215 (6). Defendant has appealed.

The issue is whether Supreme Court properly interpreted CPLR 215 (6) as applicable only to an action for usury, here not present. CPLR 215 provides that:

"The following actions shall be commenced within one year * * *

"6. an action to recover *any overcharge of interest* or to enforce a penalty for such overcharge" (emphasis supplied).

Supreme Court reasoned that by amending CPLR 215 to add subdivision (6) (L 1968, ch 1072, § 37), the Legislature intended to eliminate the conflict in several existing statutes that provided varying limitations of time in which to commence an action based on usury and establish a uniform period of limitation *(see, Englishtown Sportswear v Marine Midland Bank,* 97 AD2d 498; Governor's mem, 1968 NY Legis Ann, at 110-111; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 215.11). Based on this legislative history, Supreme Court held that the

---

* Plaintiffs contend that, in the absence of a specified rate of interest in the note, UCC 3-118 (d) requires that the rate of interest on judgments contained in CPLR 5004 be used.

one-year limitations period set forth in CPLR 215 (6) was intended to apply only to usury actions. Since plaintiffs did not assert a claim of usury, the court found that CPLR 215 (6) did not apply and denied the motion.

Defendant contends that the language of CPLR 215 (6) is clear and unambiguous and therefore its plain meaning should prevail without resort to rules of construction or extrinsic aids. The section specifically pertains to *"any overcharge* of interest" (emphasis supplied). The words "any" and "overcharge" do not require analysis or explanation beyond their ordinary usage and dictionary definition. "Any" means "one indifferently out of more than two: one or some indiscriminately of whatever kind" (Webster's Third New International Dictionary 97 [unabridged 1981]). "Overcharge" means "a monetary charge in excess of the proper, legal, or agreed rate or amount" (Webster's Third New International Dictionary 1606 [unabridged 1981]). Thus, the word "any" would seem to preclude limitation or qualification. These definitions in mind, CPLR 215 (6) would appear to clearly encompass plaintiffs' action and is not by its terms limited to actions for usury. Where a statute is clear on its face, it should be applied as written, without resort to extrinsic matter (McKinney's Cons Laws of NY, Book 1, Statutes § 76; *see, Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 565; *Giblin v Nassau County Med. Center,* 61 NY2d 67, 74; *Sega v State of New York,* 60 NY2d 183, 190-191; *Zaldin v Concord Hotel,* 48 NY2d 107, 113; *Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 114, *affd* 65 NY2d 807; *Matter of Cristo Bros.,* 97 AD2d 274, 275, *affd* 64 NY2d 975). Since the words and meaning of this statute are plain, clear and unambiguous, it was error for Supreme Court to resort to an analysis of the legislative history and not apply the statute as written.

Nor would a literal construction thwart the legislative intent and occasion unreasonable, absurd and unexpected consequences so as to trigger an exception to the literal application rule *(see, Matter of Allstate Ins. Co. v Libow, supra,* at 114). Indeed, it would seem illogical to presume that the Legislature used the broad language "any overcharge" if it intended to specifically limit CPLR 215 (6) to usury actions, which require clear and convincing proof that an unlawful rate of interest was knowingly taken *(see, Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 260-262). And, to limit CPLR 215 (6) to actions based on usury would provide a full six-year Statute of Limitations to a nonusurious, mistaken or unknow-

ing overcharge case while limiting suit by a victim of the far more serious culpable offense of usury to only a one-year period. The application of the statute's clear language would not produce such an unreasonable result and, therefore, it was error for Supreme Court to utilize legislative history in reaching its conclusion.

Finally, it is necessary to distinguish the holding of the Second Department in *Englishtown Sportswear v Marine Midland Bank* (97 AD2d 498, *supra),* which concluded that CPLR 215 (6) applied only to actions for usury. The plaintiff in that case sought recovery for interest paid at a rate in excess of the rate *agreed* to by the parties in a *financing agreement.* The court held that CPLR 215 (6) was intended to apply only to usury actions and that since the action in question was for *breach* of the interest rate *provision* in the *contract between the parties,* the six-year Statute of Limitations for contract actions applied *(see,* CPLR 213 [2]).

Unlike the plaintiff in *Englishtown (supra),* this case is not grounded in breach of contract. Plaintiffs here rely upon the provisions of UCC 3-118 (d), which provides that where a promissory note does not specify a rate of interest, the prevailing judgment rate of interest applies (CPLR 5004). The cases are, therefore, not analogous, for plaintiffs' claim is premised on a statutory violation while *Englishtown* sounds in contract. We recognize, however, that the fact that plaintiffs' action is premised on a violation of law does not make the action tantamount to one for usury. Thus, while this case and *Englishtown* are factually distinguishable, the question remains whether CPLR 215 (6) extends to actions other than usury. In this respect, unlike the Second Department, we find the plain, ordinary meaning of the statutory language controlling.

Accordingly, since plaintiffs' action to recover an overcharge of interest falls squarely within the scope of CPLR 215 (6), we find that Supreme Court erred in denying defendant's motion to partially dismiss the complaint.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Order reversed, on the law, without costs, motion granted and so much of the first cause of action in the complaint as claims an overcharge of interest paid at any time more than one year prior to commencement of this action dismissed.