■ In the Matter of the Dissolution of SEAGROATT FLORAL COMPANY, INC. JAMES H. RICCARDI et al., Respondents; SEAGROATT FLORAL COMPANY, INC., Appellant. (And Another Related Proceeding.) Casey, J. P.

The issues raised on this appeal stem from a proceeding brought by petitioners pursuant to Business Corporation Law § 1104-a. In the proceeding, petitioners, as minority shareholders of over 34% of the outstanding shares of stock of respondents, two closely held corporations, sought the dissolution of the corporations for the "oppressive conduct" of the majority shareholders. Petitioners obtained a preliminary injunction from Supreme Court, pursuant to Business Corporation Law § 1115, which enjoined respondents from removing either petitioner from employment and further enjoined them from reducing petitioners' salaries and benefits below that being presently paid. Respondents appeal from so much of the order of Supreme Court as granted petitioners preliminary injunctive relief.

On oral argument of the appeal, all parties conceded that respondents have elected within 90 days after the filing of the petition to purchase petitioners' shares pursuant to the provisions of Business Corporation Law § 1118 (a), and that the matter has been referred to a Hearing Officer for valuation under Business Corporation Law § 1118 (b). In our view, the remedy provided in Business Corporation Law § 1118 is, in effect, a substitute or alternative for the pending proceeding under Business Corporation Law § 1104-a (see, Matter of Cristo Bros., 97 AD2d 274, 276, affd 64 NY2d 975).

Business Corporation Law § 1118 (b) specifically provides that once the election to purchase authorized by Business Corporation Law § 1118 (a) has been invoked, the proceedings brought pursuant to Business Corporation Law § 1104-a shall be stayed upon application of the prospective purchasers. In addition to this mandatory stay, the statute authorizes Supreme Court, in its discretion, to impose terms and conditions, including the requirement that the prospective purchasers

post a bond or other acceptable security in an amount sufficient to secure petitioners for the fair value of their shares (see, Business Corporation Law § 1118 [a], [c] [2]). The record on this appeal does not indicate whether any application for such ancillary relief has been made to Supreme Court, but it is clear from oral argument that the substitute remedy provided in Business Corporation Law § 1118 has been invoked and that the matter has proceeded to the stage where the mandatory stay provision of Business Corporation Law § 1118 (b) has been triggered. We conclude that since the order on appeal was granted during the course of proceedings under Business Corporation Law § 1104-a that are now subject to the mandatory stay provision of Business Corporation Law § 1118 (b), this appeal should be dismissed so that the parties may proceed with the substitute remedy invoked by respondents' election to purchase petitioners' shares.

Appeal dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.