■ SHIGOTO FAR EAST IMPORTERS, LTD., et al., Respondents, et al., Plaintiffs, v REPUBLIC NATIONAL BANK OF NEW YORK et al., Appellants. SHIGOTO FAR EAST IMPORTERS, LTD., et al., Respondents, et al., Plaintiffs, v REPUBLIC NATIONAL BANK OF NEW YORK, Appellant, et al., Defendant.—Order, Supreme Court, New York County (David B. Saxe, J.), entered February 28, 1991, which, *inter alia,* denied defendant Republic's motion for partial summary judgment, unanimously affirmed; order of the said court, also entered February 28, 1991, denying Republic's motion for partial summary judgment, dismissing plaintiffs' third cause of action of the amended verified complaint, on the ground that it was time-barred pursuant to the one-year statute of limitations (CPLR 215 [6]), unanimously affirmed, with costs.

This action was commenced by plaintiffs alleging defendants' publication of defamatory material, both oral and written, and, *inter alia,* Republic's double charges, and misapplication of plaintiffs' payments in connection with certain letters of credit issued on behalf of the corporate plaintiffs.

The court properly denied defendants' motions to dismiss based on the grounds that the corporate plaintiffs were not authorized to do business in the State and that plaintiffs were estopped by the doctrine enunciated in *Riggs v Palmer* (115 NY 506) that one may not profit by his own wrong. The alleged wrong attributed to the corporate plaintiffs arose out of prior proceedings in a family dispute relating to confusion resulting from similarities of names of corporations existing and owned by various family members. The corporate plaintiffs were subsequently held in contempt of a consent judgment. This alleged wrong, however, is collateral to the defamation claims charged against defendants and caused no injury to defendants, who were neither parties to, nor beneficiaries of, the consent judgment. As such, these allegations of collateral and independent wrongs may not serve as a basis for a defense to bar the corporate plaintiffs' claims. *(TNT Communications v Management Tel. Sys.,* 32 AD2d 55, *affd* 26 NY2d 639.) Similarly, Business Corporation Law § 1312 (a) is no bar to the corporate plaintiffs' maintenance of this action.

Contrary to defendants' suggestion, the prior orders arising out of the related family and intra-corporate disputes do not create a permanent disability precluding the corporate plaintiffs from doing business in this jurisdiction. They had only been precluded from doing business in confusingly similar corporate names. The payment of franchise taxes due and the merger into a domestic corporation sufficiently cured any Business Corporation Law § 1312 (a) disability. *(Kerr-McGee Chem. Corp. v Bullard Orchards,* 45 AD2d 786.)

The one-year statute of limitations period, set forth in CPLR 215 (6), does not bar plaintiffs' third cause of action. That provision pertains to a claim alleging "any overcharge of interest" meaning " 'a monetary charge in excess of the proper, legal, or agreed rate or amount' ". *(Rubin v City Natl. Bank & Trust Co.,* 131 AD2d 150, 152.) Plaintiffs' third cause of action alleges that Republic double charged on its handling of letter of credit trade acceptances and misapplied and made late applications of payments, resulting in interest charges which, but for Republic's conduct, would have been less, not that the interest charges were usurious. This is a breach of contract claim to which the CPLR 213 (2) six-year statute of limitations period applies. *(See, Englishtown Sportswear v Marine Midland Bank,* 97 AD2d 498.) Concur—Carro, J. P., Milonas, Ellerin, Wallach and Ross, JJ.