■ LEHIFA TRADING Co., Respondent, v RUSSO SECURITIES, INC., et al., Appellants. [614 NYS2d 906] —In an action to recover damages for breach of contract and fraud, the defendants appeal from (1) so much of an order of the Supreme Court, Kings County (Vinik, J.), dated June 15, 1992, as imposed $1,500 in sanctions on them, and (2) an order of the same court (Held, J.), dated September 2, 1992, which denied their motion to compel the plaintiff to accept their answer.

Ordered that the order dated June 15, 1992, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 2, 1992, is reversed, on the law, without costs or disbursements, and the defendants' motion to compel the plaintiff to accept their answer is granted.

In an order dated June 15, 1992, the Supreme Court, *inter alia,* granted the branch of the defendants' motion which was to vacate an order entered against them upon their default in answering the complaint, upon the conditions that the defendants serve an answer within 20 days of the service of a copy of the order with notice of entry and pay $1,500 to the plaintiff's attorney. Since proper notice of entry of the order dated June 15, 1992, was never served on the defendants, their time to answer never commenced running *(see, Nagin v Long Is. Sav. Bank,* 94 AD2d 710). Accordingly, the defendants did not default in serving their answer and the court should have compelled the plaintiff to accept the answer.

The court properly imposed sanctions on the defendants in the amount of $1,500 in its order dated June 15, 1992. The failure on the part of the defendants to have settled, signed, and entered a written order based on the oral order issued by the Supreme Court on February 4, 1992, resulted in the need for additional motion practice on the part of the plaintiff *(see, Moran v Rynar,* 39 AD2d 718).

We have reviewed the defendants' remaining contention and conclude that it is without merit. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.