■ DIANE NEVELOFF, as Administratrix of the Estate of MARY NEVELOFF, Deceased, Respondent, v FAXTON CHILDREN'S HOSPITAL AND REHABILITATION CENTER et al., Appellants. [643 NYS2d 138] —In an action, *inter alia,* to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Leone, J.), dated February 17, 1995, which denied their motion for a final order of preclusion and summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the defendants' motion is granted, and the complaint is dismissed.

In its order entered March 18, 1994, the Supreme Court stated that it would grant the motion of the defendants for an order of preclusion unless the plaintiff provided a bill of particulars within 60 days of service of the order with notice of entry. Three months after service of the order with notice of entry, when a bill of particulars had not been served, the defendants moved for a final order of preclusion and summary judgment dismissing the complaint. The plaintiff served a bill of particulars while the motion was pending, and the Supreme Court denied the motion. We now reverse.

The plaintiff's contention that her time to serve the bill of particulars did not commence to run because the notice of entry was defective is without merit, as the alleged defect was waived by her failure to return the notice within two days of receipt (*see,* CPLR 2101 [f]; *Deygoo v Eastern Abstract Corp.,* 204 AD2d 596; *cf., Lehifa Trading Co. v Russo Sec.,* 205 AD2d 738). The plaintiff offered no proof that the date stamped on the order by the County Clerk was not the actual date of entry.

"In order to avoid the adverse impact of an order of preclusion, the affected party must establish both a reasonable excuse for its default and a meritorious claim" (*Bender & Bodnar v Nankin,* 186 AD2d 524, 525; *see also, Donovan v Getty Petroleum Corp.,* 174 AD2d 706). In a medical malpractice action, expert medical opinion evidence generally is required to demonstrate merit (*see, Fiore v Galang,* 64 NY2d 999; *Pantaliano v*

*Goodman,* 214 AD2d 607). We conclude that the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was for a final order of preclusion as the plaintiff failed to offer an excuse for her delay and an affidavit of merit. In addition, under the circumstances of this case, since no affidavit of merit from a physician was provided, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.