■ MICKEY TINTER et al., as Coexecutors of BORIS TINTER, Deceased, Appellants, v BURTON SACK et al., Respondents. [646 NYS2d 516] —Order, Supreme Court, New York County (Herman Cahn, J.), entered November 7, 1994, which granted defendant's motion to dismiss the complaint as time-barred, is unanimously modified, on the law and the facts, the motion denied, and the complaint is reinstated to the extent that return of collateral is sought, and otherwise affirmed, without costs.

In February 1986, the parties entered into an oral loan agreement pursuant to which defendant loaned plaintiffs' decedent more than $300,000, at an interest rate of $2^1/2\%$ per month. In August 1992, decedent began having difficulty making the payments and, according to plaintiffs' assertions, defendant requested decedent provide collateral for the loan. As a result,

decedent gave defendant four rings valued at more than $400,000. For the next two months, decedent made interest payments, the last of which was on October 9, 1992.

On October 19, 1993, slightly more than one year later, decedent commenced the instant action, alleging that the loan agreement was criminally usurious pursuant to Penal Law § 190.40, and therefore void. Decedent maintained that from October 15, 1987 to October 9, 1992, he paid a total of $790,691 in interest, of which $230,260 was illegal. Decedent requested damages in that amount and an order directing the return of the rings.

Defendant subsequently moved, pursuant to CPLR 3211 (a) (5), to dismiss the complaint as time-barred by the one-year Statute of Limitations set forth in CPLR 215 (6). Defendant argues that the limitations period bars plaintiffs from recovering the principal and interest, which would otherwise be forfeited in a usurious transaction. In this regard, defendant submitted a typewritten document which indicates that the rings were given to defendant as partial payment for the loan. Plaintiffs aver that the document is fraudulent.

We begin with the well-settled proposition that on a motion to dismiss a cause of action on the pleading itself, the material allegations of the complaint are deemed to be true and the plaintiff must be given the benefit of every favorable inference to be derived therefrom (*Rovello v Orofino Realty Co.*, 40 NY2d 633; *Arrington v New York Times Co.*, 55 NY2d 433, 442, *cert denied* 459 US 1146; *Harris v City of New York*, 147 AD2d 186, 189). In the matter at bar, plaintiffs assert that defendant charged an interest rate of $2^1/2\%$ per month, or 30% annually, which, if true, is clearly usurious (*see*, Penal Law § 190.40; General Obligations Law § 5-501).

CPLR 215 (6) provides that "an action to recover any overcharge of interest or to enforce a penalty for such overcharge" must be commenced within one year. This Court has held that the foregoing provision refers to " ' "a monetary charge in excess of the proper, legal or agreed rate or amount" ' " (*Shigoto Far E. Importers v Republic Natl. Bank*, 176 AD2d 654, 655, quoting *Rubin v City Natl. Bank & Trust Co.*, 131 AD2d 150, 152).

In the case before us, the IAS Court correctly dismissed that portion of the complaint seeking monetary damages in the amount of the interest overcharge. However, we find that the IAS Court erred when it dismissed that branch of the complaint seeking the return of collateral which would presumably have been returned had the loan been repaid. Usurious

loans are void *ab initio* and "when a court deems a transaction to be usurious, it must declare the transaction and its supporting documents void, enjoin prosecution on them and order that all documents and collateral be canceled and surrendered" (*Szerdahelyi v Harris,* 67 NY2d 42, 48). Since we are deeming plaintiff's allegation that the loan is usurious to be true for the purposes of the underlying motion, the giving of the collateral would be "void for usury" and, accordingly, "the defendant never acquired any title to the [collateral]" (*Curtiss v Teller,* 157 App Div 804, 818, *affd* 217 NY 649; *see also, Shigoto Far E. Importers v Republic Natl. Bank, supra*). As a result, plaintiffs' action to recover the rings is not one governed by CPLR 215 (6), as the rings do not constitute an "overcharge", but is an action to recover chattel, governed by the three-year limitations period set forth in CPLR 214 (3). Accordingly, that branch of the action is timely.

Motion seeking substitution of plaintiff granted. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.