■ CLINTON BRYAN, Respondent, v BRADFORD N. SWETT, Appellant and Third-Party Plaintiff-Respondent. DINACO CONSTRUCTION AND REHABILITATION CO., INC., Third-Party Defendant-Appellant. [660 NYS2d 5] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about December 23, 1996, which, in an action by a laborer for personal injuries sustained at a work site owned by defendant, granted the motion of third-party defendant, plaintiff's employer, to reargue and renew a prior order, *inter alia*, denying its motion to

dismiss the complaint and the owner's third-party complaint, only to the extent of granting reargument, and, upon reargument, granted plaintiff summary judgment as to liability on his cause of action against the owner under Labor Law § 240 (1), denied the employer summary judgment dismissing the complaint and the owner's third-party complaint, and granted the owner summary judgment on its cause of action for common-law indemnification against the employer, unanimously modified, on the law, to dismiss plaintiff's claims under Labor Law § 241 (6) and § 200, and otherwise affirmed, without costs. The appeal from the prior order, entered July 18, 1995, is unanimously dismissed, without costs, as superseded by the appeal from the order of December 23, 1996 granting reargument.

Plaintiff's Labor Law §§ 200 and 241 (6) claims should have been dismissed as a matter of law based on his concession that the owner exercised no supervisory control over the job site and his failure to allege a violation of any specific provision of the Industrial Code (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877, 878). While the deposition testimony of the employer's officer described an activity that presented no elevation-related risks (*see, e.g., Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841; *Corsaro v Mt. Calvary Cemetery*, 214 AD2d 950), such evidence, although always within the employer's control, was not offered in connection with the original motions for summary judgment, and no excuse is offered for the failure to have done so. The illegible C-2 form is hardly sufficient to show that the employer's version of the accident was before the IAS Court on the original motions. Accordingly, the employer's motion for renewal was properly denied (*see, Forteau v Westchester County*, 227 AD2d 245; *Lee v Ogden Allied Maintenance Corp.*, 226 AD2d 226, *lv dismissed* 89 NY2d 916). Absent the newly proffered evidence, we perceive no issues of credibility pertinent to plaintiff's claim that he was injured by materials that fell off the scaffold he was moving. Concur—Rosenberger, J. P., Nardelli, Rubin, Williams and Mazzarelli, JJ.