■ MICKEY TINTER, as Executor of BORIS TINTER, Deceased, Respondent, v MARTIN RAPAPORT, Appellant. [677 NYS2d 325]

—Order, Supreme Court, New York County (Elliott Wilk, J.), entered November 7, 1997, which denied defendant's motion for summary judgment dismissing plaintiff's third and fourth causes of action for legal malpractice, unanimously reversed, on the law, without costs, the motion granted, and the third and fourth causes of action dismissed.

Plaintiff's amended complaint states two causes of action for legal malpractice alleging, variously, that defendant's representation of plaintiff's decedent, Boris Tinter, was negligent (third cause of action) and that it constitutes a breach of the attorney's contract of employment (fourth cause of action). The first and second causes of action seek recovery of the amount of usurious interest payments received by Burton Sack and his jewelry company, Sack's, Inc., on a loan in the initial amount of $300,000.

The complaint in this action alleges that, in reliance upon erroneous legal advice given by defendant in November 1993, plaintiff's decedent was induced to reject a relatively generous settlement offer in favor of continuing prosecution of the usury action against the Sack defendants. It was proposed by Burton Sack that the loan collateral (four gem stones and four gold settings) would be returned in exchange for Mr. Tinter's payment of $70,000. In November 1994, Supreme Court issued an order in that action, holding that recovery of the usurious interest payments was time-barred and dismissing the complaint in its entirety. Also in November and December 1994, the collateral, which Burton Sack had consigned to Christie's, was sold at auction, producing net proceeds of $231,936.36. In August 1996, this Court modified Supreme Court's ruling to the extent of reinstating so much of the complaint as sought return of the loan collateral, noting that because a usurious loan is void *ab initio*, the creditors never acquired title to the property given to secure its payment (*Tinter v Sack*, 230 AD2d 681).

In August 1997, nearly a year after the instant malpractice action was commenced, plaintiff accepted $75,000 in settlement of his late father's claims against the Sack defendants in the usury action. At issue on this appeal is $230,000 in damages now sought to be recovered from his father's former counsel, representing the alleged value of the jewelry given as collateral ($300,000) less the amount to be paid to the creditors under the settlement proposed by Burton Sack ($70,000). It is plaintiff's position that his father was induced to reject the settlement offer because defendant gave him the erroneous advice that all interest payments in excess of the legal rate could be recovered from the creditors along with the return of

the collateral; that said advice was in error because recovery of the excess interest payments was time-barred, as Supreme Court found and this Court affirmed; that the value of the collateral could not subsequently be recovered from the creditors; and, therefore, counsel's advice to reject the offer of settlement caused plaintiff's decedent to sustain damages in the net amount of the foregone settlement.

Plaintiff's position is without merit. "Recovery for legal malpractice requires proof of three essential elements: '(1) the negligence of the attorney; (2) that the negligence was the proximate cause of the loss sustained; and (3) proof of actual damages' (*Mendoza v Schlossman*, 87 AD2d 606, 607; *see also, Lauer v Rapp*, 190 AD2d 778)" (*IGEN, Inc. v White*, 250 AD2d 463, 465). The usurious interest payments themselves are not sought to be recovered on the two causes of action at issue on this appeal. However, to the extent plaintiff can demonstrate that his father was given negligent advice concerning the Statute of Limitations, it provides no basis for recovery. Defendant was not engaged to represent plaintiff's decedent until a few weeks before the Statute of Limitations expired, and in no event could any excess interest payments be recovered beyond the last one made (CPLR 215 [6]; *Rebeil Consulting Corp. v Levine*, 208 AD2d 819 [recovery limited to usurious interest actually paid within one year of filing suit]; *Rosenberg v Edelstein*, 15 AD2d 882, *affd* 12 NY2d 976 [same]). Thus, it cannot be said that a favorable outcome would have been obtained in the litigation with the creditors "but for" counsel's asserted negligent representation concerning the prospects for recovery (*Pacesetter Communications Corp. v Solin & Breindel*, 150 AD2d 232, 233-234, *lv dismissed* 74 NY2d 892).

As to his client's right to recover the jewelry given as collateral, counsel's advice was sound, as this Court ultimately ruled (*Tinter v Sack, supra*). Therefore, defendant made no negligent representation upon which to predicate a recovery in malpractice. That the opportunity to recoup much of the disputed sum may have been forsaken in the interim does not afford a basis for an action in legal malpractice against an attorney who rendered accurate advice (*Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168).

Finally, at the time he accepted $75,000 from Burton Sack in settlement of the usury claim (a year after this action was commenced), plaintiff had already received the favorable disposition by this Court with respect to the collateral. Nothing in the record indicates that plaintiff was compelled to accept this

settlement (*see, Rodriguez v Fredericks*, 213 AD2d 176, *lv denied* 85 NY2d 812). The only statement with respect to the circumstances is contained in plaintiff's affidavit in opposition to the motion to dismiss: "Because the gemstones and their value were no longer in Sack's possession, the estate received $75,000 in full settlement of the case." Therefore, even assuming a predicate for defendant's liability, plaintiff has not demonstrated why he could not have recovered the value of the collateral, alleged by him to be worth considerably more than the $230,000 sought in this action or the $231,936.36 actually received from their sale at auction. Concur—Milonas, J. P., Ellerin, Nardelli, Rubin and Andrias, JJ.