■ DONNA NEFF, Formerly Known as DONNA SENNEFELDER, Appellant, v STEVEN SCHWARTZAPFEL, P. C., et al., Respondents. [679 NYS2d 37] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 10, 1996, which, in an action for legal malpractice and fraud, granted defendant attorney's motion to dismiss the complaint, denied plaintiff client's cross motion to compel disclosure and for leave to amend the complaint, and, ·*sua sponte*, directed a hearing to determine whether sanctions should be imposed against plaintiff and her attorney, unanimously affirmed, without costs. Order, same court and Justice, entered July 7, 1997, which

denied plaintiff's motion to renew and reargue and imposed a sanction of $300 upon plaintiff's attorney, unanimously affirmed insofar as it denied renewal and imposed sanctions, and the appeal therefrom unanimously dismissed insofar as it denied reargument, all without costs.

The malpractice cause of action, which, read in conjunction with the fraud cause of action, merely alleged that defendant advised plaintiff to accept a prelitigation settlement offer as the " 'best' " she could do given the nature of her injuries, and that defendant "failed to use reasonable care" in prosecuting plaintiff's claim, causing her damages, was properly dismissed for failure to set forth any facts showing departure from the applicable standard of care and proximate cause (*see, Tinter v Rapaport*, 253 AD2d 588, 589-590). The fraud cause of action, which did not allege that defendant's advice concerning the value of plaintiff's injuries was known by him to be false when made, was also properly dismissed as deficient (*see, Lloyd I. Isler, P. C. v Sutter*, 160 AD2d 609, 610), and the request for additional disclosure to salvage this claim was properly rejected as a mere speculative hope. Renewal was properly denied for failure to provide any excuse for plaintiff's failure to submit the supposedly new evidence, including her own affidavit, on the original motion (*see, Bryan v Swett*, 241 AD2d 335). Reargument was clearly denied on the ground of untimeliness, even though the motion court went on to explain why it would have denied reargument on the merits had the motion been timely, and no appeal lies from such denial (*see, Matter of Thomas v Borakove*, 235 AD2d 279, *appeal dismissed* 89 NY2d 1086). In any event, reargument was untimely since the original order had been served with notice of entry four months earlier, any alleged defect in the notice was waived when not rejected within two days of receipt (*see, Neveloff v Faxton Children's Hosp. & Rehabilitation Ctr.*, 227 AD2d 457) and the time to appeal had therefore long passed. The modest sanction imposed was a proper exercise of discretion. We have considered plaintiff's other contentions and find them to be unpersuasive. Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.