17-1332-cv
*Kwon v. Santander Consumer USA*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

---

DAE HYUK KWON,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                            17-1332-cv

SANTANDER CONSUMER USA,

> *Defendant-Counter-Claimant-Appellee.*

---

For Plaintiff-Counter-Defendant-Appellant:     DAE HYUK KWON, proceeding *pro se*, Nanuet, New York.

For Defendant-Counter-Claimant-Appellee:     Matthew A. Fitzgerald, Benjamin J. Sitter, McGuire Woods LLP, Richmond, Virginia, Pittsburgh, Pennsylvania.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) entered April 18, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Dae Hyuk Kwon, proceeding *pro se*, appeals from an April 18, 2017 judgment of the United States District Court for the Eastern District of New York granting Defendant-Appellee Santander Consumer USA's ("Santander") motion to dismiss Kwon's Amended Complaint. At issue is an automobile loan contract involving Kwon and a Santander subsidiary. In a now-superseded pleading, Kwon originally asserted claims under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1961 *et seq.*; the Servicemember's Civil Relief Act of 2003 ("SCRA"), 50 U.S.C. § 3911 *et seq.*; New York General Obligations Law §§ 5-511, 5-513; and New York General Business Law § 349; and also brought state law breach of contract, emotional distress, and pain and suffering claims. Kwon subsequently withdrew his emotional distress and pain and suffering claims and moved for the appointment of pro bono counsel. The district court denied Kwon's request for counsel, dismissed his New York General Obligations Law claim with prejudice as time-barred, and granted him leave to replead his other claims. The operative pleading, Kwon's Amended Complaint, asserts claims under RICO, SCRA, the Equal Credit Opportunity Act of 1974 ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and the Federal Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. § 1601 *et seq.* The district court dismissed Kwon's Amended Complaint for failure to state a claim. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Id.*

As an initial matter, we note that Kwon abandoned his New York General Business Law, breach of contract, emotional distress, and pain and suffering claims by not alleging them in his Amended Complaint. "[A]n amended complaint ordinarily supercedes the original, and renders it of no legal effect." *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) (citations and internal quotation marks omitted). Kwon's Amended Complaint asserts only RICO, SCRA, ECOA, and TILA claims. Moreover, Kwon voluntarily withdrew his claims for emotional distress and pain and suffering, and is foreclosed from asserting them on appeal. *See SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1238 (2d Cir. 1972).

Turning to Kwon's Amended Complaint, the district court properly dismissed Kwon's RICO claim. In order to state a RICO claim based on the collection of an unlawful debt, a plaintiff must allege that (1) "the debt was unenforceable in whole or in part because of state or federal laws relating to usury," (2) "the debt was incurred in connection with 'the business of lending money . . . at a [usurious] rate,'" and (3) "the usurious rate was at least twice the enforceable rate." *Durante Bros. & Sons v. Flushing Nat'l Bank*, 755 F.2d 239, 248 (2d Cir. 1985) (ellipses and brackets in original) (citation and internal quotation marks omitted); *see* 18 U.S.C. §§ 1961(6)(B),

3

1962(c). In New York, "[t]he maximum interest rate permissible on a loan is 16% per annum, and any interest rate in excess of that amount is usurious." *O'Donovan v. Galinski*, 62 A.D.3d 769, 769 (2d Dep't 2009); *see* N.Y. Gen. Oblig. Law § 5-501(1); N.Y. Banking Law § 14-a(1). Here, the interest rate for the loan was 24.99%, which is less than twice the enforceable rate. And, because he did not raise it in the district court, we need not consider Kwon's argument that the interest rate was effectively higher due to purportedly improper fees imposed by Santander. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016). Regardless, Kwon fails to allege what the fees were, whether they were imposed by Santander rather than the car dealer, or whether they were significant enough to raise the effective interest rate to more than twice the enforceable rate.

Nor do we discern any error in the district court's dismissal of Kwon's SCRA claim. SCRA was intended to "prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves," and thus permits servicemembers to stay or suspend certain civil obligations. *United States v. Kaufman*, 453 F.2d 306, 308–09 (2d Cir. 1971); *see* 50 U.S.C. §§ 3933, 3934. SCRA also contains an anti-retaliation provision that bars creditors from creating "[a]n adverse report relating to the creditworthiness of the servicemember" based on a servicemember's SCRA application to stay a civil obligation. 50 U.S.C. § 3919(3). Here, Kwon alleges that he exercised his SCRA rights in 2001 and Santander knew that he was a former servicemember. But, fatal to his claim, Kwon does not allege that Santander even knew that he exercised his rights under SCRA or that Santander submitted an adverse credit report *because of* the exercise of his rights, and thus has not plausibly alleged a claim under SCRA.

4

We further agree with the district court that Kwon's ECOA claim also fails. ECOA prohibits creditors from discriminating against borrowers "'on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 489 (2d Cir. 2014) (quoting 15 U.S.C. § 1691(a)). Kwon's Amended Complaint does not allege that he was a member of a protected class under ECOA, nor does it explain how Santander discriminated against him. For substantially the reasons stated by the district court, we thus determine that Kwon's conclusory allegations are insufficient to support a claim under ECOA. *See also id.* at 489–90.

Furthermore, the district court properly concluded that Kwon's TILA claim was time-barred. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). TILA claims must be brought "within one year from the date of the occurrence of the alleged violation." 15 U.S.C. § 1640(e). Here, Kwon entered into the loan agreement in May 2013, but he did not file his original complaint until two years later (May 2015), and, still later, he did not raise his TILA claim until he filed his Amended Complaint in November 2016. Kwon's TILA claim is thus time-barred.

Nor is there any impropriety in the district court's September 30, 2016 conclusion that Kwon's New York General Obligations Law claim was also untimely. Under New York law, "[a]n action to recover any overcharge of interest or to enforce a penalty for such overcharge" is subject to a one-year statute of limitations. N.Y. C.P.L.R. § 215(6); *see also Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998). State claims of usury are subject to this statute

5

of limitations and accrue on the date that overpayment was made. *See Rubin v. City Nat'l Bank & Tr. Co. of Gloversville*, 131 A.D.2d 150, 151–52 (3d Dep't 1987). Here, Kwon untimely commenced his action in May 2015, more than one year after the latest payment was made in August 2013.

Additionally, Kwon's argument that the district court erred in its denial of appointed counsel is meritless. Of course, there is no right to effective assistance of counsel in a civil action. *See United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). We review the denial of counsel for abuse of discretion. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). A district court may appoint counsel for an indigent litigant where his complaint has "some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989); *see also id.* at 172–74. Here, because Kwon's claims were meritless the district court did not abuse its discretion in denying counsel. In addition, Kwon argues that the denial of counsel caused him to withdraw improperly his state law claims for emotional distress and pain and suffering. However, these claims also were frivolous. Thus, the district court did not err in its denial of appointed counsel.

Finally, by failing to address the issue on appeal, Kwon has waived any request for leave to amend. *See* Fed. R. App. P. 28(a)(8)(A); *Diesel v. Town of Lewisboro*, 232 F.3d 92, 110 (2d Cir. 2000). And, in any event, the district court did not abuse its discretion in rejecting Kwon's fleeting request for leave to amend – for a second time – his pleading. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 662 F.3d 600, 603 (2d Cir. 2011) (per curiam).

We have considered all of Kwon's remaining arguments and find them to be abandoned, raised for the first time on appeal,[1] or without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We decline to consider Kwon's claims raised for the first time on appeal.  *See Harrison*, 838 F.3d at 96.