JBBNY, LLC v Dedvukaj (2019 NY Slip Op 02692)





JBBNY, LLC v Dedvukaj


2019 NY Slip Op 02692


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-08173
2017-08174
 (Index No. 50433/15)

[*1]JBBNY, LLC, etc., respondent, 
v
Victor Dedvukaj, et al., appellants, et al., defendants.


Arnold E. DiJoseph, P.C., New York, NY (Arnold E. DiJoseph III and Michael Karlson of counsel), for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael Hanusek and Richard D. Femano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Victor Dedvukaj and Violeta Dedvukaj appeal from (1) an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated June 6, 2017, and (2) a judgment of foreclosure and sale of the same court dated June 6, 2017. The order granted the plaintiff's motion for a judgment of foreclosure and sale and denied the second cross motion of the defendants Victor Dedvukaj and Violeta Dedvukaj, inter alia, to compel the plaintiff to accept their answer. The judgment, upon an order of the same court dated March 22, 2016, inter alia, granting that branch of the plaintiff's motion which was for an order of reference and denying the appellants' first cross motion, inter alia, to compel the plaintiff to accept their answer, and upon the order dated June 6, 2017, directed the sale of the subject premises.
ORDERED that the appeal from the order dated June 6, 2017, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, that branch of the plaintiff's motion which was for an order of reference is denied, that branch of the first cross motion of the defendants Victor Dedvukaj and Violeta Dedvukaj which was to compel the plaintiff to accept their answer is granted, the plaintiff's motion for a judgment of foreclosure and sale is denied, the second cross motion of the defendants Victor Dedvukaj and Violeta Dedvukaj, inter alia, to compel the plaintiff to accept their answer is denied as unnecessary, and the orders dated March 22, 2016, and June 6, 2017, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Victor Dedvukaj and Violeta Dedvukaj.
The plaintiff commenced this action to foreclose a mortgage by filing a summons and complaint. In lieu of serving an answer, the defendants Victor Dedvukaj and Violeta Dedvukaj (hereinafter together the Dedvukaj defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint. By order dated June 24, 2015 (hereinafter the June 2015 order), the Supreme Court denied the Dedvukaj defendants' motion.
On August 11, 2015, the plaintiff served notice of entry of the June 2015 order on a defendant who is not a party to this appeal by mailing a copy of the same, via certified and regular mail, to the attorney for that defendant. On the same day, the plaintiff electronically filed the notice of entry of the June 2015 order and proof of mailing on that defendant's attorney through the New York State Courts Electronic Filing System (hereinafter NYSCEF). A NYSCEF "confirmation notice" was emailed to counsel for the Dedvukaj defendants. It is undisputed that the plaintiff did not serve a copy of notice of entry of the June 2015 order on the Dedvukaj defendants or their attorney.
On October 1, 2015, the Dedvukaj defendants served an answer with affirmative defense and counterclaims, which the plaintiff rejected as untimely. The plaintiff then moved, inter alia, for an order of reference. The Dedvukaj defendants opposed the motion and cross-moved for leave to enter a default judgment against the plaintiff for its failure to reply to their counterclaims, or, in the alternative, to compel the plaintiff to accept their answer as timely. The Dedvukaj defendants contended that since the plaintiff never served them with notice of entry of the June 2015 order, their time to answer never started to run, and thus, their answer was timely served. By order dated March 22, 2016 (hereinafter the March 2016 order), the Supreme Court, inter alia, denied the Dedvukaj defendants' cross motion and granted that branch of the plaintiff's motion which was for an order of reference, in effect finding that the Dedvukaj defendants were in default.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The Dedvukaj defendants opposed the motion and, once again, cross-moved, inter alia, to compel the plaintiff to accept their answer or, in the alternative, to vacate their purported default. By order dated June 6, 2017 (hereinafter the June 2017 order), the Supreme Court granted the plaintiff's motion and denied the Dedvukaj defendants' cross motion. On the same date, the court entered a judgment of foreclosure and sale, and these appeals ensued.
The appeal from the June 2017 order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order, and on the appeal from the March 2016 order (see JBBNY, LLC v Dedvukaj, ___ AD3d ___ [Appellate Division Docket No. 2016-05413; decided herewith]), are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Contrary to the determination of the Supreme Court, since the plaintiff never served the Dedvukaj defendants with notice of entry of the June 2015 order denying their motion to dismiss the complaint, their answer was timely served, as their time to answer never started to run (see CPLR 3211[f]; Lehifa Trading Co. v Russo Sec., 205 AD2d 738, 738).
Pursuant to 22 NYCRR 202.5-b, the court rule governing electronic filing for the Supreme Court, a party may serve an interlocutory document upon another party by filing the document electronically: "Upon receipt of [the] interlocutory document, the NYSCEF site shall automatically transmit electronic notification to all e-mail service addresses in such action . . . . Except as provided otherwise in subdivision (h)(2) of this section, the electronic transmission of the notification shall constitute service of the document on the e-mail service addresses identified therein" (22 NYCRR 202.5-b[f][2][ii] [emphasis added]).
Subdivision (h)(2), which appears in a subsection entitled "Entry of Orders and Judgments and Notice of Entry," provides, in relevant part: "[a] party may serve [an order or judgment and written notice of its entry] electronically by filing them with the NYSCEF site and thus causing transmission by the site of notification of receipt of the documents, which shall constitute service . . . by the filer. In the alternative, a party may serve a copy of the order or judgment and written notice of its entry in hard copy by any method set forth in CPLR 2103(b)(1) to (6). If service is made in hard copy by any such method and a copy of the order or judgment and notice of its entry and proof of such hard copy service are thereafter filed with the NYSCEF site, transmission by NYSCEF of notification of receipt of those documents shall not constitute additional service of the notice of entry on the parties to whom the notification is sent" (22 NYCRR 202.5-b[h][2] [emphasis [*2]added]).
Pursuant to the plain language of the rule, the transmission by NYSCEF of the confirmation notice of receipt of the documents showing that the plaintiff served another party with notice of entry did not constitute service upon the Dedvukaj defendants (see 22 NYCRR 202.5-b[h][2]). Since proper notice of entry of the June 2015 order was never served on the Dedvukaj defendants, "their time to answer never commenced running" (Lehifa Trading Co. v Russo Sec., 205 AD2d at 738; see CPLR 3211[f]). Accordingly, the Dedvukaj defendants did not default in serving their answer, and the Supreme Court should have granted that branch of their first cross motion which was to compel the plaintiff to accept their answer (see Lehifa Trading Co. v Russo Sec., 205 AD2d at 738).
However, we agree with the Supreme Court's determination denying that branch of the Dedvukaj defendants' first cross motion which was for leave to enter a default judgment based upon the plaintiff's failure to reply to their counterclaims, which sought declaratory relief. The plaintiff did not default on the answer, but acknowledged and rejected it, albeit improperly. Moreover, " [a] default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that [the party seeking default] establish a right to a declaration'" (Dole Food Co., Inc. v Lincoln Gen. Ins. Co., 66 AD3d 1493, 1494, quoting Merchants Ins. Co. of N.H. v Long Is. Pet Cemetary, 206 AD2d 827, 828; see Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:23). Here, the Dedvukaj defendants did not establish their entitlement to the declarations sought (see McFadden v Schneiderman, 137 AD3d 1618, 1618).
Inasmuch as the plaintiff's motions for an order of reference and a judgment of foreclosure and sale were granted based upon a finding that the Dedvukaj defendants failed to timely answer, the Supreme Court erred in granting those motions. Since the Dedvukaj defendants were not in default, that branch of their first cross motion which was to compel the plaintiff to accept their answer should have been granted, and the Dedvukaj defendants' second cross motion should have been denied as unnecessary. Accordingly, we reverse the judgment of foreclosure and sale and modify the orders determining the parties' motions accordingly.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court