■ Naomi Cooper, Appellant, v Gregory Shepherd et al., Respondents, et al., Defendant. [721 NYS2d 30] —Judgment, Supreme Court, Bronx County (Howard Silver, J.), entered January 5, 2000, which granted a motion by defendants Gregory Shepherd and Derek Codrington (defendants) to strike the case from the calendar and for summary judgment dismissing the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the judgment vacated, and the complaint reinstated on condition that, within 20 days of service of a copy of this order with notice of entry, plaintiff's counsel pay $500 to defendants. Appeal from decision, same court and Justice, entered September 3, 1999, unanimously dismissed, without costs.

Plaintiff was a passenger in an automobile involved in a two-car collision. As a result of the accident, she suffered a fractured interior facet of one of her vertebrae and a herniated disc at C7-T1. When plaintiff failed to comply with defendants' demands for a bill of particulars and discovery, defendants moved for an order compelling plaintiff to provide this

disclosure. By order entered September 25, 1996, the IAS Court directed plaintiff to serve a bill of particulars and to comply with defendants' discovery demands within 45 days. The court also ordered that EBT's be scheduled within 30 days. Plaintiff concedes failing to comply with this order. Defendants then moved for an order of preclusion. By order entered on or about April 14, 1997, the court issued a conditional order of preclusion, unless plaintiff served her bill of particulars and responses to defendants' discovery demands within 45 days. Plaintiff also concedes failure to comply with this order. On December 2, 1997, plaintiff was deposed by defendants. On June 28, 1999, she filed a note of issue, and, on July 28, 1999, plaintiff was examined by defendants' neurologist.

Defendants then moved for an order vacating the note of issue, striking the complaint for failure to comply with the two prior discovery demands, and for summary judgment dismissing the complaint. On September 3, 1999, Justice Silver granted defendants' motion on default. By motion dated September 12, 1999, plaintiff moved to restore the case and reinstate the complaint, asserting that on July 22, 1999, she served defendants with a bill of particulars, responses to defendants' discovery demands and authorizations to obtain plaintiff's medical records. However, defendants rejected plaintiff's responses to discovery due to the pendency of their motion.

By motion dated September 12, 1999, plaintiff sought to vacate the court's September 3rd order, asserting that she failed to appear before Justice Silver on September 3rd because, not having been notified that the summary judgment motion had been reassigned to a different Judge for a hearing on that date,* it was her understanding that the motion had been adjourned to September 8, 1999 in conjunction with a consolidated appeal. The court denied plaintiff's motion, and, thereafter, a judgment was entered dismissing plaintiff's complaint.

Although we strongly disapprove of plaintiff's unexcused delay in complying with court-ordered discovery, given the lack of evidence that plaintiff's actions were "willful or contumacious," the strong showing that plaintiff's claim has merit, and the lack of evidence that defendants were prejudiced by any delay in receiving the requested discovery, we find that it was

---

* Plaintiff states that she was unaware that the motion had been transferred from Justice Salman's part to Justice Silver's part. Further, plaintiff's representative apparently went to Justice Salman's part on September 3rd, but the motion was not listed on the calendar.

an improvident exercise of discretion for the court to have imposed the drastic sanction of dismissing the complaint (*Sanchez v Javind Apt. Corp.*, 246 AD2d 353). However, counsel's egregious disregard for court ordered discovery warrants the imposition of the above-stated condition (*New v Scores Entertainment*, 255 AD2d 108, 108-109). Concur—Williams, J. P., Mazzarelli, Wallach and Rubin, JJ.