■ LAMONT WILSON et al., Respondents, v GALICIA CONTRACTING & RESTORATION CORP. et al., Defendants, and SAFWAY STEEL PRODUCTS, INC., Appellant. [779 NYS2d 527]—

In an action to recover damages for personal injuries, etc., the defendant Safway Steel Products, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated June 18, 2003, as granted the plaintiffs' motion to schedule an inquest on the issue of damages, and (2) from an order of the same court dated October 7, 2003, which denied its motion to vacate the order dated June 18, 2003, and an earlier order of the same court dated May 14, 2002, which, inter alia, struck its answer.

Ordered that the order dated June 18, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 17, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

As a result of the appellant's failure to timely comply with a conditional order dated May 14, 2002, that order became absolute and the appellant's answer was stricken (*see Unger v Dover Union Free School Dist.,* 303 AD2d 677 [2003]). To excuse the delay, the appellant had the burden of demonstrating a meritorious defense and a justifiable excuse for the default (*see Incorporated Vil. of Hempstead v Jablonsky,* 283 AD2d 553, 554 [2001]; *Kyriacopoulos v Mendon Leasing Corp.,* 216 AD2d 532, 533 [1995]). The appellant failed to proffer any acceptable reason for its two-year long pattern of failure to respond to discovery demands, court orders, or the conditional order to strike the answer. Given the extent of the inactivity, the Supreme Court providently exercised its discretion in striking the answer (*see Kihl v Pfeffer,* 94 NY2d 118, 122-123 [1999]).

The appellant's remaining contentions are without merit. Altman, J.P., Smith, Krausman and Skelos, JJ., concur.