■ GARY GILMORE, Respondent, v JULIUS W. GARVEY, Appellant, et al., Defendant. [818 NYS2d 534]—

In an action to recover damages for medical malpractice, the defendant Julius W. Garvey, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 6, 2005, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The Supreme Court granted a conditional order dated May 5, 2005, precluding the plaintiff from offering testimony at trial with respect to information sought in the bill of particulars previously demanded by the defendant Julius W. Garvey (hereinafter the defendant), unless the plaintiff served his bill of particulars within the 45-day time period set in the order. When the plaintiff failed to timely respond, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him, contending that the plaintiff was precluded by the prior conditional order from proving his case against the defendant. Shortly after service of the defendant's motion, the plaintiff's counsel served the bill of particulars and discovery items previously demanded. The plaintiff's counsel subsequently cross-moved to vacate or modify the prior conditional order of preclusion and also submitted an affirmation alleging excusable law office failure. After oral argument, the Supreme Court, inter alia, denied the defendant's motion for summary judgment and directed the plaintiff to serve a supplemental bill of particulars setting forth the claimed acts of malpractice with particularization.

The plaintiff failed to serve his bill of particulars within the 45-day time limit set in the conditional order of preclusion dated May 5, 2005. The order therefore became absolute, precluding the plaintiff from proving his case (*see Contarino v North Shore Univ. Hosp. at Glen Cove,* 13 AD3d 571 [2004]; *Tirone v Staten Is. Univ. Hosp.,* 264 AD2d 415 [1999]; *DiPietro v Duhl,* 227 AD2d 515 [1996]). To avoid the adverse impact of the conditional order of preclusion, the plaintiff was required to demonstrate an excusable default and a meritorious cause of action (*see Clarke v United Parcel Serv.,* 300 AD2d 614 [2002]; *Boland v Biordi,* 251 AD2d 524 [1998]; *Higgins v Community Hosp. at Glen Cove,* 135 AD2d 607 [1987]). In a medical malpractice action, expert medical opinion evidence is required to demonstrate merit (*see Neveloff v Faxton Children's Hosp. & Rehabilitation Ctr.,* 227 AD2d 457 [1996]; *Reilly v Syosset Hosp.,* 225 AD2d 602 [1996]; *Pantaliano v Goodman,* 214 AD2d 607 [1995]). The plaintiff's failure to provide an affidavit of merit from a medical expert was fatal to his application for relief from his default. Since the plaintiff is therefore precluded from proving his case against the defendant, the defendant's motion for summary judgment should have been granted (*see Contarino v North Shore Univ. Hosp. at Glen Cove, supra; DiPietro v Duhl, supra*). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.