■ JANET CALLAGHAN, Respondent, v W. ROBERT CURTIS et al., Appellants. [852 NYS2d 275]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered June 1, 2006, as denied that branch of their motion which was for summary judgment dismissing the complaint based upon the plaintiff's failure to comply with a conditional order of preclusion entered September 16, 2005.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is granted.

On September 16, 2005 the Supreme Court entered a conditional order precluding the plaintiff from introducing evidence at trial "as to all items for which particulars have been inadequately or defectively furnished, to wit: causation and damages" unless, before October 7, 2005, the plaintiff served a supplemental bill of particulars containing complete responses to paragraphs 4, 5, 9, and 10 of the defendants' demand. It is undisputed that the plaintiff's attorney consented to the conditional order of preclusion. Although the plaintiff timely served a supplemental bill of particulars, the defendants nevertheless moved, inter alia, for summary judgment dismissing the complaint, arguing that the content of the supplemental bill of particulars did not contain complete responses to paragraphs 4, 5, 9, and 10 of the defendants' demand, as required by the conditional order of preclusion. The Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. We reverse the order insofar as appealed from.

Contrary to the conclusion reached by the Supreme Court, the plaintiff's supplemental bill of particulars did not satisfy the requirements of the conditional order of preclusion, as the supplemental bill failed to provide any particulars with respect to the nature of the plaintiff's claim for damages, as requested in items 4 and 9, and, with respect to items 5 and 10 of the demand, merely referred to the initial bill of particulars, which the Supreme Court had already determined to be inadequate.

As a result of the plaintiff's failure to comply with the conditional order of preclusion, the order became absolute (*see Wilson v Galicia Contr. & Restoration Corp.,* 8 AD3d 560 [2004]; *Goldsmith Motors Corp. v Chemical Bank,* 300 AD2d 440, 440-441 [2002]). To avoid the adverse impact of the conditional order of preclusion, the plaintiff was required to demonstrate an excusable default and a meritorious cause of action (*see Gilmore v Garvey,* 31 AD3d 381, 382 [2006]; *Gutenplan v Dauman,* 154 AD2d 337, 337-338 [1989]). The plaintiff failed to sustain that burden. Accordingly, since the plaintiff will be unable to establish a prima facie case, that branch of the defendants' motion which was for summary judgment dismissing the complaint should have been granted (*see Gilmore v Garvey,* 31 AD3d at 382; *Cafaro v Emergency Servs. Holding, Inc.,* 11 AD3d 496, 498-499 [2004]; *Jenkinson v Naccarato,* 286 AD2d 420, 421 [2001]; *Alphonse v UBJ Inc.,* 266 AD2d 171 [1999]). Spolzino, J.P., Lifson, Santucci and Covello, JJ., concur.