■ JESENIA RODRIGUEZ, Appellant, v DANIEL M. ZEICHNER et al., Respondents. [854 NYS2d 898]—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Owen, J.), dated November 21, 2006, which, inter alia, conditionally granted the defendants' motion pursuant to CPLR 3042 to preclude her from offering evidence at trial regarding matters of which particulars were not given pursuant to written demands unless she served a further bill of particulars as to those items by a

date certain, and (2) an order of the same court dated April 27, 2007 which granted the defendants' motion for summary judgment dismissing the complaint upon her failure to comply with the order dated November 21, 2006.

Motion by the respondents on appeals from two orders of the Supreme Court, Orange County, dated November 21, 2006 and April 27, 2007, respectively, to dismiss the appeal from the order dated November 21, 2006. By decision and order on motion of this Court dated March 7, 2007 [2008 NY Slip Op 65843(U)] the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, and the appeal from the order dated November 21, 2006 is dismissed as untimely, without costs or disbursements; and it is further,

Ordered that the order dated April 27, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the order dated November 21, 2006 must be dismissed as untimely since the plaintiff failed to file a notice of appeal within the relevant 30-day period (see CPLR 5513 [a]; Norstar Bank of Upstate NY v Office Control Sys., 78 NY2d 1110 [1991]; Deygoo v Eastern Abstract Corp., 204 AD2d 596 [1994]).

The plaintiff failed to serve a further bill of particulars within the 35-day time limit set in the conditional order of preclusion dated November 21, 2006. That order therefore became absolute, precluding the plaintiff from proving her case (see Gilmore v Garvey, 31 AD3d 381 [2006]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.