(April 30, 2009)

■ MARVIN GIBBS, Respondent, v ST. BARNABAS HOSPITAL, Respondent, and FAUSTO VINCES, M.D., Appellant, et al., Defendants. [878 NYS2d 38]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered January 16, 2008, which granted the motion of defendant Vinces to enforce a conditional order of preclusion to the extent of directing plaintiff to pay $500 as costs for his delay in complying with discovery, affirmed, without costs.

The law strongly prefers that matters be decided on their merits (*Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [2002]). Accordingly, the drastic sanction of striking a pleading is inappropriate without a clear showing that the failure to comply with disclosure obligations was willful, contumacious, or the result of bad faith (*see Cespedes v Mike & Jac Trucking Corp.*, 305 AD2d 222 [2003]).

The record reflects that defendant Vinces moved to compel plaintiff to provide a bill of particulars. This motion was withdrawn when plaintiff served a bill of particulars. Subsequently, Vinces apparently became dissatisfied with the bill of particulars plaintiff provided to him. Hence, at a preliminary conference held after service of the bill of particulars, plaintiff was ordered to provide a supplemental bill of particulars. Plaintiff does assert that he should have insisted that he not be required to serve a supplemental bill until after the completion

of discovery, since he was hard-pressed to further particularize his contentions at that point. In any event, when a supplemental bill was not furnished according to the schedule set forth in the preliminary conference order, defendant moved again in that regard, which motion resulted in the conditional order of preclusion under review.

While it is true that plaintiff did not timely comply with the court-ordered deadlines, the delay was not lengthy, and defendant Vinces cannot claim prejudice because of the tardy supplemental bill of particulars that plaintiff ultimately furnished (*see Marks v Vigo*, 303 AD2d 306 [2003]). There is no evidence that plaintiff's inaction was willful, contumacious, or the result of bad faith. As a result, striking the complaint as against Vinces would have been an overly drastic remedy for plaintiff's delay in complying with discovery (*see Cooper v Shepherd*, 280 AD2d 337 [2001]). That the Court of Appeals in *Wilson v Galicia Contr. & Restoration Corp.* (10 NY3d 827 [2008]) upheld Supreme Court's enforcement of an order of preclusion does not mean that Supreme Court's determination in this case not to enforce such an order constituted such an abuse of discretion as to warrant reversal. Concur—Gonzalez, P.J., Tom, Friedman and Sweeny, JJ.

McGuire, J., dissents in a memorandum as follows: The order on appeal granting defendant Vinces's motion to enforce a conditional order precluding plaintiff from offering certain evidence at trial to the extent of imposing a $500 disclosure sanction against plaintiff should be modified, the conditional order, which became absolute, should be enforced and the complaint as against Vinces should be dismissed. Accordingly, I dissent.

On June 2, 2005, plaintiff commenced this medical malpractice and lack of informed consent action against, among others, Vinces. On August 9, 2005, Vinces served plaintiff with his answer, disclosure demands and a demand for a bill of particulars. Plaintiff served bills of particulars as to two other defendants on October 14, 2005, but did not serve one as to Vinces.

By a letter dated January 24, 2006, Vinces's counsel reminded plaintiff that Vinces had demanded a bill of particulars in August 2005, noted that no bill of particulars as to Vinces had been served and stated that if no bill was served within 10 days Vinces would make a motion to compel service of the bill. After no bill of particulars was served, Vinces's counsel sent a similar letter to plaintiff on March 21, 2006, again stating that a motion to compel would be made if no bill was served. Another letter to the same effect was sent on May 24, 2006 because plaintiff

had still failed to serve his bill of particulars as to Vinces. In June 2006, Vinces moved to compel plaintiff to serve Vinces with a bill of particulars and comply with disclosure demands. Plaintiff finally served a bill of particulars on Vinces on August 21, 2006, and the parties stipulated that Vinces would withdraw his motion.

In the November 30, 2006 preliminary conference order, Supreme Court found the bill of particulars served on Vinces to be "unsatisfactory" and, without specifying a date by which compliance was necessary, directed plaintiff to serve a supplemental bill particularizing his claim that Vinces was vicariously liable for the negligence of the other defendants, the dates of the alleged malpractice and the specific allegations of negligence against Vinces.[1] As of January 2007, plaintiff had not served the supplemental bill of particulars, and Vinces moved for disclosure sanctions under CPLR 3126, requesting that the complaint be dismissed. A February 21, 2007 order mooted the motion. In that order, Supreme Court directed plaintiff, within 45 days of the order, to provide Vinces with, among other things, the supplemental bill of particulars required by the preliminary conference order. The order concluded by warning that "[plaintiff] will be precluded from offering any testimony as to the above unless provided within 45 days." Thus, plaintiff had until April 9 to comply with the February 21, 2007 order.[2] Vinces's counsel sent a letter to plaintiff on March 7, 2007 demanding compliance with the February 21 order.

On May 21, 2007, Vinces moved to enforce the February 21, 2007 order, asserting that plaintiff failed to serve a supplemental

---

**1.** The majority writes that "[p]laintiff does assert that he should have insisted that he not be required to serve a supplemental bill until after the completion of discovery, since he was hard-pressed to further particularize his contentions at that point." Why the majority recites this assertion is unclear, particularly because the majority does not state whether it agrees with the assertion. In any event, no sympathy is due to plaintiff on this account for his assertion is patently irrelevant. Supreme Court found that the original bill of particulars was "unsatisfactory" and directed plaintiff to serve a supplemental bill particularizing his claim that Vinces was vicariously liable for the negligence of the other defendants, the dates of the alleged malpractice and the specific allegations of negligence against Vinces. If plaintiff disagreed with that directive, he should have moved to vacate the preliminary conference order. Obviously, Supreme Court—not plaintiff—is the arbiter of the sufficiency of the bill of particulars, and plaintiff was required to comply with the court's unequivocal order. Apart from the irrelevance of this assertion, the implicit effort to blame the court for plaintiff's failure to comply is as revealing as it is troubling.

**2.** The forty-fifth day after February 21, 2007 was April 7. Because April 7 was a Saturday, plaintiff's deadline to comply with the order was Monday April 9 (*see* General Construction Law § 25-a).

bill of particulars within 45 days of the order and consequently that the conditional order had become absolute, precluding plaintiff from offering any testimony as to the alleged malpractice of Vinces. Because plaintiff was so precluded, Vinces sought summary judgment dismissing the complaint as against him on the ground that plaintiff could not make a prima facie case. Alternatively, Vinces sought dismissal of the complaint under CPLR 3126. Plaintiff opposed, arguing that his conduct was not willful and contumacious and therefore the penalty of precluding him from offering testimony against Vinces was not warranted. Plaintiff also stressed that he served a supplemental bill of particulars on Vinces on June 21, 2007, one day before he served his opposition to the motion and approximately 75 days after the court-ordered deadline. Supreme Court granted Vinces's motion to the extent of directing plaintiff to pay Vinces $500 "as cost for [plaintiff's] delay in providing the requested discovery."

The February 21, 2007 order was a conditional order of preclusion that became absolute on April 9 upon plaintiff's failure to serve Vinces with a supplemental bill of particulars (*see e.g. Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827 [2008]; *Callaghan v Curtis*, 48 AD3d 501 [2008]; *Gilmore v Garvey*, 31 AD3d 381 [2006]; *see also State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907 [2007]). There is no dispute that plaintiff failed to serve the supplemental bill of particulars before that deadline; plaintiff acknowledges that he did not serve it until June 21, approximately 75 days after the deadline had passed.

Of course, plaintiff could not avoid the consequences of his failure to comply timely with the conditional order merely by serving the supplemental bill of particulars after the court-imposed deadline (*see Gilmore, supra*; *Stewart v City of New York*, 266 AD2d 452 [1999]). Rather, to be relieved of the consequences of his failure to comply timely with the conditional order, plaintiff was required to demonstrate both a reasonable excuse for his failure to comply with the order and a meritorious claim against Vinces (*see e.g. Callaghan, supra*; *G.D. Van Wagenen Fin. Servs., Inc. v Sichel*, 43 AD3d 1104 [2007]; *Gilmore, supra*; *VSP Assoc. v 46 Estates Corp.*, 243 AD2d 373 [1997]; *Michaud v City of New York*, 242 AD2d 369 [1997]). Even assuming without deciding that plaintiff's counsel's excuse of law office failure is reasonable (*but see Okun v Tanners*, 11

NY3d 762 [2008], *revg* 47 AD3d 475 [2008]),[3] plaintiff failed to demonstrate that he has a meritorious claim against Vinces. Notably, plaintiff failed to submit the affirmation or affidavit of a medical expert suggesting that Vinces is liable for plaintiff's injuries in this medical malpractice and lack of informed consent action (*see e.g. Gilmore, supra; see also Kaufman v Bauer,* 36 AD3d 481 [2007]; *Ramos v Lapommeray,* 135 AD2d 439 [1987]; *Canter v Mulnick,* 93 AD2d 751, 752 [1983], *affd* 60 NY2d 689 [1983]).

Because the conditional order became absolute and plaintiff failed to make the dual showing necessary to be relieved of the consequences of that absolute order, plaintiff should be precluded from offering testimony at trial with respect to the issues he was obligated to address in the supplemental bill of particulars, i.e., his claim that Vinces was vicariously liable for the negligence of the other defendants, the dates of the alleged malpractice and the specific allegations of negligence against Vinces. Thus, plaintiff cannot establish a prima facie case against Vinces and summary judgment in Vinces's favor dismissing the complaint as against him is warranted (*see e.g. Calder v Cofta,* 49 AD3d 484 [2008]; *State Farm Mut. Auto Ins. Co., supra; Callaghan, supra; G.D. Van Wagenen Fin. Servs., Inc., supra; Gilmore, supra; Contarino v North Shore Univ. Hosp. at Glen Cove,* 13 AD3d 571 [2004]). Giving full force and effect to the conditional (now absolute) order is consonant with the Court of Appeals' direction that court-ordered deadlines are to be taken seriously by the parties and enforced by the courts (*see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.],* 5 NY3d 514, 521 [2005]; *Kihl v Pfeffer,* 94 NY2d 118, 123 [1999]).

---

**3.** The majority makes no attempt at all to defend plaintiff's excuse as reasonable. The majority's tacit conclusion that it is not reasonable is understandable. Plaintiff's counsel asserted only that she failed to comply with the conditional order in a timely fashion because: "I did not attend Court for the Motion on February 21, 2007 when [the conditional order] was entered . . . The attorney who did attend . . . is no longer with this firm. Routinely, the attorney who appears gives me a copy of a Stipulation [or order] to enter dates and deadlines on my personal calendar. I did not have the date on which the Supplemental Bill of Particulars, in this case, was due on my calendar. I do not remember being given a copy of the [order]. I have, however, served a Supplemental Bill of Particulars on this date [i.e., June 21, 2007]. This was an inadvertent law office failure." This "excuse" explains nothing. Why counsel did not have the date on her calendar is unexplained, as is the relevance of the fact that the attorney who was in court had left the firm. Notably, counsel does not deny receiving a copy of the order, but merely asserts that she did not remember receiving a copy. Moreover, the statement that the attorney who actually appears in court "[r]outinely" provides counsel with a copy of the order makes the noncompliance *more* not less puzzling.

The majority attempts to meet Vinces's argument that the conditional order had become absolute with only an implicit and unsupportable assumption, even as it ignores the authorities cited above supporting that argument. Thus, the majority states only as follows: "That the Court of Appeals in *Wilson* upheld Supreme Court's enforcement of an order of preclusion does not mean that Supreme Court's determination in this case not to enforce such an order constituted such an abuse of discretion as to warrant reversal." As is evident, the majority simply assumes the existence of the very discretion that could support its position.

In *Wilson*, the Court of Appeals held that, "As the conditional order was self-executing and appellant's 'failure to produce [requested] items on or before the date certain' rendered it 'absolute' (*see Zouev v City of New York*, 32 AD3d 850, 850 [2d Dept 2006]; *Lopez v City of New York*, 2 AD3d 693, 693 [2d Dept 2003]), the courts below correctly held that defendant was precluded from introducing any evidence at the inquest 'tending to defeat the plaintiff's cause of action' (*Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *see* Weinstein-Korn-Miller, NY Civ Prac ¶ 3126.03 [a conditional order 'will preclude proof as to matters not furnished unless the delinquent party provides the particulars within the time frame specified in the order']). As a result, [defendant] was deemed to admit 'all traversable allegations in the complaint, including the basic allegation of liability (*Curiale v Ardra Ins. Co.*, 88 NY2d 268, 279 [1996])'" (10 NY3d at 830).

Nowhere in its opinion did the Court come close to suggesting the remarkable proposition that either Supreme Court or the Appellate Division enjoys some undefined and broad discretion not to follow the rule of law, i.e., not to enforce a conditional order of preclusion that had become absolute even when the requisite dual showing of a reasonable excuse for the party's failure to comply with the order and a meritorious claim has not been met. To the contrary, in the first of the cases cited by the Court of Appeals in *Wilson*, a conditional order of preclusion had become absolute and the Second Department stated as follows: "To be relieved of the adverse impact of the order striking its answer, the defendant was *required* to demonstrate a reasonable excuse for its failure to produce the requested items and the existence of a meritorious defense" (*Zouev*, 32 AD3d at 850 [emphasis added]). Moreover, as noted, the majority just ignores the plethora of Appellate Division authority supporting Vinces's argument (*see e.g. Callaghan, supra; Gilmore, supra; see also State Farm Mut. Auto Ins. Co., supra*). Albeit with

regret, for these reasons I respectfully submit that the majority's position is indefensible.

Even if the conditional order had not become absolute (and plaintiff was not precluded from offering testimony at trial with respect to the issues he was obligated to address in the supplemental bill of particulars), I would not agree that the "costs" imposed by Supreme Court—a $500 penalty—were appropriate. That disclosure sanction amounts to nothing more than the gentlest of slaps on the wrist and is not remotely commensurate with the serious, chronic and inexcusable nature of plaintiff's counsel's failures to comply with the court's directives (*see Weissman v 20 E. 9th St. Corp.*, 48 AD3d 242, 243 [2008]; *Christian v City of New York*, 269 AD2d 135, 137 [2000]). Plaintiff failed to comply with both the preliminary conference order requiring him to serve a supplemental bill of particulars and the February 21, 2007 conditional order of preclusion. Moreover, Vinces had to incur the costs of having his counsel send three letters to plaintiff and make a motion to compel just to get an initial bill of particulars from plaintiff—which Supreme Court determined for good and sufficient reasons was "unsatisfactory." And when plaintiff inexcusably failed to comply with the February 21, 2007 order, Vinces had to incur the costs of yet another motion. Albeit it once again with regret, I respectfully submit that the majority's affirmance of this trivial disclosure sanction is indefensible and, to say the least, does nothing to encourage the conduct that is of critical importance to the fair, expeditious and efficient resolution of civil litigation: compliance with court-ordered deadlines (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Kihl, supra*). To all the attorneys and the trial courts committed to these imperatives, the majority's affirmance will be dismaying (*see generally Figdor v City of New York*, 33 AD3d 560, 561 [2006] ["We take this opportunity to encourage the IAS courts to employ a more proactive approach in such circumstances; upon learning that a party has repeatedly failed to comply with discovery orders, they have an affirmative obligation to take such additional steps as are necessary to ensure future compliance"]).

Accordingly, I would modify the order appealed to enforce the conditional order, preclude plaintiff from offering testimony at trial with respect to the issues he was obligated to address in the supplemental bill of particulars and grant summary judgment to Vinces dismissing the complaint as against him.