■ RICHARD KEENAN, Respondent, v CARL FIORENTINO, Appellant. [921 NYS2d 874]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated September 28, 2010, which denied his motion to dismiss the complaint based upon the plaintiff's failure to comply with his outstanding discovery demands as directed by a conditional order of preclusion dated February 23, 2010.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint based upon the plaintiff's failure to comply with the defendant's outstanding discovery demands as directed by a conditional order of preclusion dated February 23, 2010, is granted.

By order dated February 23, 2010, the Supreme Court granted a conditional order precluding the plaintiff from offering evidence of damages at trial unless he complied with the defendant's outstanding discovery demands on or before April 9, 2010. It is undisputed that the plaintiff failed, inter alia, to serve his responses to the notices for discovery and inspection within the relevant time period. Therefore, the conditional order became absolute, precluding the plaintiff from offering evidence of damages at trial (*see Rodriguez v Zeichner,* 50 AD3d 999, 1000 [2008]; *Gilmore v Garvey,* 31 AD3d 381 [2006]; *Contarino v North Shore Univ. Hosp. at Glen Cove,* 13 AD3d 571, 572 [2004]). To avoid the adverse impact of the conditional order of preclusion, the plaintiff was required to demonstrate a reasonable excuse for his failure to comply and a potentially meritorious cause of action (*see Panagiotou v Samaritan Vil., Inc.,* 66 AD3d 979, 980 [2009]; *Callaghan v Curtis,* 48 AD3d 501, 502 [2008]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.,* 43 AD3d 907, 908 [2007]). The plaintiff failed to meet this burden. Since

the order of preclusion prevented the plaintiff from making out a prima facie case (*see Siler v Lutheran Social Servs. of Metro. N.Y.*, 10 AD3d 646, 648 [2004]), the defendant's motion to dismiss the complaint should have been granted (*see Bazoyah v Herschitz*, 79 AD3d 1081, 1082 [2010]; *Gilmore v Garvey*, 31 AD3d at 382; *Alphonse v UBJ Inc.*, 266 AD2d 171 [1999]). Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.