■ SRN REALTY, LLC, Appellant, v SCARANO ARCHITECT, PLLC, et al., Respondents. [983 NYS2d 276]—

In an action to recover damages for architectural malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated December 23, 2011, which granted that branch of the defendants' motion which was pursuant to CPLR 3126, in effect, to preclude the plaintiff from offering evidence at trial with respect to information sought in discovery for failure to comply with outstanding discovery demands as directed by a conditional order of preclusion dated August 3, 2011, and thereupon directed the dismissal of the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants to recover damages for architectural malpractice and breach of contract. In a conditional order of preclusion dated August 3, 2011, the Supreme Court, inter alia, directed that all depositions were to be completed, and all discovery responses were to be served, by September 15, 2011. The order precluded the parties from offering evidence at trial with respect to information sought in discovery, unless the parties completed such disclosure by September 15, 2011. In the order appealed from, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3126, in effect, to preclude the plaintiff from offering evidence at trial with respect to information sought by the defendants in discovery for failure to provide disclosure as directed by the conditional order of preclusion, and thereupon directed the dismissal of the complaint.

A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions speci-

fied in the order (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74 [2010]; *Wei Hong Hu v Sadiqi*, 83 AD3d 820, 821 [2011]). As a result of the plaintiff's failure to timely comply with the conditional order of preclusion, that conditional order became absolute (*see Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d 800, 801 [2012]; *Keenan v Fiorentino*, 84 AD3d 740 [2011]; *Wei Hong Hu v Sadiqi*, 83 AD3d at 821; *Panagiotou v Samaritan Vil., Inc.*, 66 AD3d 979, 980 [2009]; *Rodriguez v Zeichner*, 50 AD3d 999, 1000 [2008]). To be relieved of the adverse impact of the conditional order of preclusion, the plaintiff was required to demonstrate a reasonable excuse for its failure to comply with the order and the existence of a potentially meritorious cause of action (*see Keenan v Fiorentino*, 84 AD3d 740 [2011]; *Wei Hong Hu v Sadiqi*, 83 AD3d at 821).

Here, the plaintiff failed to provide a reasonable excuse for its default and failed to demonstrate the existence of potentially meritorious cause of action. Since the plaintiff is precluded from offering evidence at trial with respect to information sought in discovery and will be unable, without that evidence, to establish a prima facie case, the Supreme Court properly directed the dismissal of the complaint (*see Keenan v Fiorentino*, 84 AD3d at 741; *see also Gilmore v Garvey*, 31 AD3d 381 [2006]). Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur. **[Prior Case History: 34 Misc 3d 1208(A), 2011 NY Slip Op 52458(U).]**