◼ Francesca Vitolo, Appellant, v Delvin Moses Suarez, Respondent. [13 NYS3d 177]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Greco, Jr., J.), entered July 29, 2013, which granted the defendant's motion for summary judgment dismissing the complaint based upon the plaintiff's failure to serve a bill of particulars as directed by a conditional order of preclusion dated November 28, 2012, and (2) an order of the same court entered February 13, 2014, which denied her motion, in effect, for leave to reargue her opposition to the defendant's motion or, in the alternative, pursuant to CPLR 5015 (a) (1), in effect, to vacate her default in complying with the conditional order of preclusion dated November 28, 2012.

Ordered that the order entered July 29, 2013, is affirmed; and it is further,

Ordered that the appeal from so much of the order entered February 13, 2014, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered February 13, 2014, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On July 30, 2010, the plaintiff allegedly was injured when

the vehicle she was operating was struck by the defendant's vehicle on Broadway at or near the intersection of 55th Street in Queens. The plaintiff commenced this action in July 2011. Issue was joined in December 2011. In a preliminary conference order dated May 21, 2012, the Supreme Court, inter alia, directed the plaintiff to serve a bill of particulars on or before June 21, 2012. In February and August 2012, the defendant's counsel sent letters to the plaintiff's counsel noting that the plaintiff had not yet served a bill of particulars or responded to any discovery demands. In a written stipulation dated November 8, 2012, the defendant withdrew a previous motion to compel compliance with discovery and, in exchange therefor, the plaintiff promised to serve her bill of particulars by December 10, 2012. In a compliance conference order dated November 28, 2012, the Supreme Court directed that the plaintiff serve a bill of particulars "within 30 days or shall be precluded from offering evidence regarding damages at the time of trial." The plaintiff failed to serve the bill of particulars by the deadline set in the November 28, 2012, order. The defendant moved pursuant to CPLR 3212 and 3126 for summary judgment dismissing the complaint, based upon the plaintiff's failure to comply with the November 28, 2012, order. In an order entered July 29, 2013, the Supreme Court granted the motion. In September 2013, the plaintiff moved pursuant to CPLR 2221 (d), in effect, for leave to reargue her opposition to the defendant's motion or, alternatively, pursuant to CPLR 5015 (a) (1) to vacate her default in complying with the November 28, 2012, order. In an order entered February 13, 2014, the Supreme Court denied the motion.

The order dated November 28, 2012, contained a directive conditionally precluding the plaintiff from offering evidence of damages at trial unless she served a bill of particulars within 30 days of the order. It is undisputed that the plaintiff failed to serve a bill of particulars by the court-imposed deadline. Therefore, the conditional order became absolute, precluding the plaintiff from offering evidence of damages at trial (*see Keenan v Fiorentino*, 84 AD3d 740 [2011]). To be relieved of the adverse impact of the conditional order of preclusion, the plaintiff was required to demonstrate a reasonable excuse for her failure to comply with the order and the existence of a potentially meritorious cause of action (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]; *Estate of Alston v Ramseur*, 124 AD3d 713, 714 [2015]; *SRN Realty, LLC v Scarano Architect, PLLC*, 116 AD3d 693, 694 [2014]). Here, the plaintiff failed to provide a reasonable excuse for her default, as her claim of law office failure was vague, conclusory, and

unsubstantiated (*see Dobbyn-Blackmore v City of New York*, 123 AD3d 1083 [2014]). Moreover, the plaintiff's pattern of failing to comply with discovery demands, the preliminary conference order, a written stipulation, and the order dated November 28, 2012, supports an inference that such conduct was willful (*see Betz v Carbone*, 126 AD3d 743 [2015]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]). Since the plaintiff failed to demonstrate a reasonable excuse for her failure to comply with the November 28, 2012, order, it is unnecessary to consider whether she demonstrated a potentially meritorious cause of action (*see Selechnik v Law Off. of Howard R. Birnbach*, 120 AD3d 1220 [2014]). Damages are a necessary element of a negligence claim which must be pleaded and proven (*see Siler v Lutheran Social Servs. of Metro. N.Y.*, 10 AD3d 646, 648 [2004]). Thus, the order dated November 28, 2012, precluding the plaintiff from offering evidence of damages at trial, prevented her from making out a prima facie case (*see Keenan v Fiorentino*, 84 AD3d at 740-741). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit or have been rendered academic by our determination. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.