■ Feng Lucy Luo, Respondent, v Tom T. Yang, Appellant. [54 NYS3d 82]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated June 4, 2015. The order (1) denied the defendant's motions (a) to vacate a so-ordered stipulation dated December 9, 2013, which conditionally precluded him from offering any evidence at trial, (b) to direct nonparty Sinopec USA, also known as China Petroleum and Chemical Corporation, to comply with a subpoena duces tecum served upon it in January 2015, and (c) for the issuance of Letters Rogatory to the appropriate authority in Princeton, New Jersey, to take the deposition upon written questions of nonparty Wenyue Hau, and (2) granted the plaintiff's motion for a protective order enjoining the defendant from conducting any further discovery of her or any third party in this action, and from enforcing any discovery notice or subpoena previously served by the defendant against her or any third party in this action.

Ordered that the order is affirmed, with costs.

Following the defendant husband's failure to respond to the plaintiff wife's discovery demands in this action for a divorce and ancillary relief, the parties entered into a so-ordered stipulation dated December 9, 2013, directing the defendant to comply with the plaintiff's outstanding discovery demands, and to cooperate with the court-appointed neutral forensic evaluator and pay his share of the evaluator's fees, by a certain date. The agreed-upon sanction for the defendant's failure to comply with the so-ordered stipulation was his preclusion from offering any evidence at trial in this action. The defendant, who conceded that he failed to comply with the so-ordered stipulation, moved to vacate it. He also moved in two additional, separate motions to direct nonparty Sinopec USA, also known as China Petroleum and Chemical Corporation, to comply with a subpoena duces tecum served upon it in January 2015, and

for the issuance of Letters Rogatory to the appropriate authority in Princeton, New Jersey, to take the deposition upon written questions of nonparty Wenyue Hau. The plaintiff opposed the defendant's motions and moved by order to show cause to enjoin the defendant from conducting any further discovery of her or any third party in this action, and from enforcing any discovery notice or subpoena previously served by the defendant against her or any third party in this action. The Supreme Court denied the defendant's motions, granted the plaintiff's motion, and, inter alia, issued a protective order pursuant to CPLR 3103 (a) preventing the defendant from seeking to obtain any information about the plaintiff, whether financial or otherwise, and quashed any subpoenas issued prior to the order appealed from on behalf of the defendant seeking any financial or other information of the plaintiff. The defendant appeals.

"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (*Hughes v Brooklyn Skating, LLC*, 120 AD3d 758, 758-759 [2014]; *see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 82-83 [2010]; *SRN Realty, LLC v Scarano Architect, PLLC*, 116 AD3d 693, 693-694 [2014]). Here, the so-ordered stipulation entered into by the parties in this action functioned as a conditional order of preclusion, which became absolute upon the defendant's failure to comply with it (*see Wilson v Galicia Contr. & Restoration Corp.*, 8 AD3d 560 [2004]; *Goldsmith Motors Corp. v Chemical Bank*, 300 AD2d 440, 440-441 [2002]; *Siltan v City of New York*, 300 AD2d 298 [2002]), unless the defendant demonstrated a reasonable excuse for failure to comply with its terms and the existence of a potentially meritorious cause of action or defense (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d at 80; *SRN Realty, LLC v Scarano Architect, PLLC*, 116 AD3d at 694; *see also G.D. Van Wagenen Fin. Servs., Inc. v Sichel*, 43 AD3d 1104, 1105 [2007]; *Kumar v Yonkers Contr. Co., Inc.*, 14 AD3d 493, 494 [2005]; *Baturov v Marchewka*, 10 AD3d 345 [2004]). The defendant, who offered bare allegations of neglect by his prior counsel, failed to demonstrate a reasonable excuse for his failure to comply with the so-ordered stipulation (*see Vitolo v Suarez*, 130 AD3d 610 [2015]; *Hughes v Brooklyn Skating, LLC*, 120 AD3d 758 [2014]; *Carillon Nursing & Rehabilitation Ctr., LLP v Fox*, 118 AD3d 933 [2014]). Inasmuch as the defendant failed to demonstrate a reasonable excuse for his failure to comply with the so-ordered stipulation, we need not consider whether he offered a potentially meritorious cause of action or defense to the action (*see U.S. Bank N.A. v Ahmed*, 137 AD3d 1106 [2016]).

Accordingly, the Supreme Court properly denied the defendant's motions and, under the circumstances herein, properly granted the plaintiff's motion and issued a protective order pursuant to CPLR 3103 (a). Dillon, J.P., Roman, Cohen and Miller, JJ., concur.