■ AHMED MAHGOUB et al., Appellants, v 880 REALTY, LLC, et al., Respondents. [56 NYS3d 215]—

Appeals by the plaintiffs from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 5, 2015, and an order of that court dated March 9, 2015. The order dated February 5, 2015, granted that branch of the defendants' motion which was pursuant to CPLR 3126 to preclude the plaintiffs from presenting certain evidence at trial. The order dated March 9, 2015, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order dated February 5, 2015, is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting those branches of the defendants' motion which were to preclude the plaintiff Ahmed Mahgoub from testifying at trial and, in effect, to preclude the plaintiffs from offering the testimony of nonparty witnesses or offering into evidence documents that are matters of public record, and substituting therefor a provision denying those branches of the motion; as so modified, the order dated February 5, 2015, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated March 9, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiffs

Ahmed Mahgoub, Carvella Mahgoub, Ahmet Coskun, Elham Coskun, Sueda N. Coskun, and Meryem Coskun, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated March 9, 2015, is affirmed, without costs or disbursements.

On July 2, 2011, a fire allegedly occurred at an apartment building located at 880 59th Street, Brooklyn. On or about July 25, 2011, the 14 plaintiffs, residents of the building, commenced this action against, among others, the building owner, the defendant 880 Realty, LLC, to recover damages for, inter alia, injury to property. A preliminary conference order dated October 3, 2012, directed that depositions of the plaintiffs be conducted by March 3, 2013, and directed the plaintiffs to respond to any outstanding demands by the defendants for a bill of particulars or for the production of documents within 30 days. On November 1, 2012, the plaintiffs' attorney served a bill of particulars on behalf of the plaintiffs Ahmed Mahgoub and Carvella Mahgoub (hereinafter together the Mahgoubs). A compliance conference order dated May 2, 2013, directed the plaintiffs to serve a bill of particulars and respond to outstanding discovery demands, and provided that all "[d]epositions of plaintiffs must be held on or before September 1, 2013."

By notice of motion dated October 8, 2013, the defendants moved pursuant to CPLR 3126 to dismiss the complaint based upon the plaintiffs' failure to comply with court-ordered discovery or, in the alternative, to preclude the plaintiffs from presenting certain evidence at trial. By interim compliance conference order dated November 13, 2013, the plaintiffs were directed to serve bills of particulars and respond to requests for document production, and the parties' depositions were scheduled for specific dates in March and April 2014. According to the plaintiffs' attorney, on or about November 22, 2013, the Mahgoubs served a supplemental bill of particulars on the defendants, and first bills of particulars were served by: (1) the plaintiffs Ahmet Coskun, Elham Coskun, Sueda N. Coskun, and Meryem Coskun (hereinafter collectively the Coskuns); (2) the plaintiff Erol Kaygisiz; (3) the plaintiffs Mohamed Ismail, Mona Salem, Noor Al Din Ismail, Youssra Ismail, Jasmine Ismail, and Hazem Ismail (hereinafter collectively the Ismails); and (4) the plaintiff Gokhan Golak. The defendants' attorney claims that these bills of particulars were not received by her office until March 2014. The depositions scheduled for March and April 2014 were not conducted.

By conditional order of preclusion dated July 22, 2014, the defendants' pending motion was granted to the extent of direct-

ing the plaintiffs to, inter alia, respond to requests for document production within 45 days, with depositions "to be scheduled commencing o/o/b [on or before] November 19, 2014." Ahmet Coskun was deposed on October 6, 2014. By affirmation dated August 7, 2014—which the defendants' attorney claims was not received until October 8, 2014—the plaintiffs' attorney responded to the previous discovery order by indicating that all documents intended to be relied upon by the Mahgoubs, the Ismails, and Golak had already been provided with those plaintiffs' previously-served bills of particulars, and by providing additional document discovery consisting of, inter alia, receipts, invoices, and photographs on behalf of the Coskuns and Kaygisiz. It is undisputed that, on November 18, 2014, the plaintiffs' attorney contacted the defendants' attorney and requested to schedule Ahmed Mahgoub's deposition for December 2, 2014.

The defendants refused to schedule Ahmed Mahgoub's deposition. By notice of motion dated December 19, 2014, they moved, inter alia, pursuant to CPLR 3126 to preclude the plaintiffs from presenting evidence at trial except for the materials previously provided during discovery and, upon preclusion, for summary judgment dismissing the complaint. The plaintiffs opposed the motion, claiming that discovery had been timely provided, and that the delays were attributable to, among other things, the defendants' refusal to schedule Ahmed Mahgoub's deposition, "or any other deposition in violation of the Court's order of July 22, 2014." In opposition to that branch of the defendants' motion which was for summary judgment, the plaintiffs submitted, inter alia, a report prepared by the New York City Fire Department (hereinafter FDNY) Bureau of Fire Investigation dated July 25, 2011, concluding that the fire "originated in the subject premises . . . in combustible material (wiring insulation), from building electrical wiring."

By order dated February 5, 2015, the Supreme Court precluded the plaintiffs from offering any documents at trial that had not previously been provided in discovery, and from presenting "any testimony of any witnesses and/or testimony of plaintiffs other than testimony taken of plaintiff Ahmet Coskun at his deposition on October 6, 2014." By order dated March 9, 2015, the court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiffs were now precluded from offering evidence necessary to establish a prima facie case. The plaintiffs appeal from both orders.

"Pursuant to CPLR 3126, a court may impose discovery sanc-

tions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed' " (*Aha Sales, Inc. v Creative Bath Prods., Inc.*, 110 AD3d 1019, 1019 [2013], quoting CPLR 3126). "The Supreme Court has broad discretion in making determinations concerning matters of disclosure, including the nature and degree of the penalty imposed under CPLR 3126" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012] [citations omitted]; *see Ozeri v Ozeri*, 135 AD3d 838, 839 [2016]). "When a plaintiff fails to timely comply with a conditional order of preclusion, the conditional order becomes absolute" (*Piemonte v JSF Realty, LLC*, 140 AD3d 1145, 1146 [2016]; *see Koslosky v Khorramian*, 31 AD3d 716 [2006]), unless the plaintiff demonstrates a reasonable excuse for the failure to comply with the order and the existence of a meritorious claim (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]).

Here, the Supreme Court providently exercised its discretion in precluding the plaintiffs from offering at trial any documents in their possession not produced during discovery and precluding Carvella Mahgoub, Kaygisiz, Elham Coskun, Sueda N. Coskun, Meryem Coskun, the Ismails, and Golak from testifying at trial, as no reasonable attempt was made to produce these plaintiffs for depositions in compliance with the July 22, 2014, order, and no reasonable excuse was proffered for their lack of compliance with the order (*see Piemonte v JSF Realty, LLC*, 140 AD3d at 1146; *Lee v Barnett*, 134 AD3d 908, 910 [2015]). However, the court improvidently exercised its discretion in precluding Ahmed Mahgoub from testifying at trial, as the record establishes that the plaintiffs made a genuine attempt on November 18, 2014, to schedule his deposition for a date certain, which was in compliance with the court's ambiguous July 22, 2014, directive that depositions be "scheduled *commencing* [on or before] November 19, 2014 (emphasis added)." Accordingly, Ahmed Mahgoub should be permitted to testify at trial, provided that the defendants have an opportunity to depose him. Moreover the court's preclusion order was overly broad to the extent that it precluded the plaintiffs from offering the testimony of nonparty witnesses or offering into evidence, after laying a proper foundation, documents that are matters of public record, such as the FDNY fire incident report (*see Blagrove v Cox*, 294 AD2d 526 [2002]; *Penn Palace Operating v Two Penn Plaza Assoc.*, 215 AD2d 231 [1995]).

The Supreme Court properly granted that branch of the de-

fendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Kaygisiz, the Ismails, and Golak. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the preclusion order prevented those plaintiffs from offering evidence of damages at trial, preventing them from making out a prima facie case (*see Vitolo v Suarez*, 130 AD3d 610, 612 [2015]; *Keenan v Fiorentino*, 84 AD3d 740, 741 [2011]; *CDJ Corp. v Commodore Mfg. Corp.*, 50 AD3d 1084, 1084 [2008]). In opposition, those plaintiffs failed to raise a triable issue of fact.

However, since Ahmed Mahgoub and Ahmet Coskun are not precluded from offering evidence of damages at trial on behalf of themselves and their families, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the Mahgoubs and Coskuns should have been denied (*see Lee v Barnett*, 134 AD3d 908, 910 [2015]; *cf. Vitolo v Suarez*, 130 AD3d at 612; *Keenan v Fiorentino*, 84 AD3d at 741). Further, the defendants failed to eliminate triable issues of fact as to their liability for the fire or the ensuing damage (*see Yehia v Marphil Realty Corp.*, 130 AD3d 615 [2015]). Since the defendants failed to meet their prima facie burden for summary judgment dismissing the complaint insofar as asserted by the Mahgoubs and Coskuns, that branch of the defendants' motion should have been be denied without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.