McIntosh v New York City Partnership Dev. Fund Co., Inc. (2018 NY Slip Op 07303)





McIntosh v New York City Partnership Dev. Fund Co., Inc.


2018 NY Slip Op 07303


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-05189
 (Index No. 500412/10)

[*1]Grace McIntosh, et al., appellants, 
v
New York City Partnership Development Fund Company, Inc., defendant, Atlantic Commons Cornerstone, L.P., defendant third-party plaintiff-respondent, MDG Design and Construction, LLC, defendant-respondent; Benedetto & Sons Excavating, Inc., et al., third-party defendants-respondents.


Preston & Wilkins, Levittown, NY (Gregory R. Preston of counsel), for appellants.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for defendant third-party plaintiff-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for defendant-respondent.
Faust, Goetz, Schenker & Blee LLP, New York, NY (Todd M. Hellman of counsel), for third-party defendant-respondent Benedetto & Sons Excavating, Inc.
Hoffman Roth & Matlin, LLP, New York, NY (Joshua Hoffman of counsel), for third-party defendant-respondent Metro General Contracting, Inc.



DECISION & ORDER
In an action, inter alia, to recover for damage to property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated March 31, 2016. The order granted those branches of the separate motions of the defendant third-party plaintiff, Atlantic Commons Cornerstone, L.P., the defendant MDG Design and Construction, LLC, the third-party defendant Benedetto & Sons Excavating, Inc., and the third-party defendant Metro General Contracting, Inc., which were, in effect, to dismiss the complaint based upon the plaintiffs' failure to comply with a conditional order of preclusion dated October 16, 2015.
ORDERED that the order dated March 31, 2016, is affirmed, with one bill of costs.
The Supreme Court issued an order dated October 16, 2015, directing the plaintiffs to respond to all outstanding discovery demands and prior court orders within 30 days. The order stated that failure to comply with this directive would "result in [the plaintiffs] being precluded from introducing damages at trial." Thereafter, the defendant third-party plaintiff, Atlantic Commons Cornerstone, L.P., the defendant MDG Design and Construction, LLC, the third-party defendant Benedetto & Sons Excavating, Inc., and the third-party defendant Metro General Contracting, Inc., separately moved, inter alia, in effect, to dismiss the complaint based upon the plaintiffs' failure to comply with the conditional order of preclusion. The Supreme Court granted those branches of the motions which were, in effect, to dismiss the complaint based upon the plaintiffs' failure to comply with the conditional order of preclusion. The plaintiffs appeal.
"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780). "If the party fails to produce the discovery by the specified date, the conditional order becomes absolute" (id. at 780; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82-83). "To be relieved of the adverse impact of the conditional order of preclusion, a party is required to demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious" cause of action (Naiman v Fair Trade Acquisition Corp., 152 AD3d at 780; see Gibbs v St. Barnabas Hosp., 16 NY3d at 80).
Here, we agree with the Supreme Court's determination that the plaintiffs did not comply with the conditional order of preclusion, as the plaintiffs conceded that they did not respond to discovery demands from Benedetto & Sons Excavating, Inc., which were dated July 26, 2013, August 14, 2015, and August 21, 2015, respectively. "Therefore, the conditional order became absolute, precluding the plaintiff[s] from offering evidence of damages at trial" (Keenan v Fiorentino, 84 AD3d 740, 740). Contrary to the plaintiffs' contention, under the language of the conditional order of preclusion, the plaintiffs' failure to respond to outstanding discovery demands from even a single other party would result in the plaintiffs being precluded from presenting any evidence of damages at trial. The plaintiffs did not meet their burden to avoid the adverse effect of the conditional order of preclusion, as they did not "demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious" cause of action (Naiman v Fair Trade Acquisition Corp., 152 AD3d at 780). Given that the order of preclusion prevented the plaintiffs from making out a prima facie case (see Vitolo v Suarez, 130 AD3d 610, 612), we agree with the court's granting of those branches of the motions which were, in effect, to dismiss the complaint (see Mahgoub v 880 Realty, LLC, 150 AD3d 1216, 1220; Meslin v George, 119 AD3d 915, 916; Keenan v Fiorentino, 84 AD3d at 740-741).
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court